0679

SOUTH CAROLINA ELECTRIC AND GAS COMPANY, Appellant v. Beverly JETER and John Doe, Defendants, of whom John Doe is an Appellant and Beverly Jeter is the Respondent. Appeal of John DOE. Beverly JETER, Respondent v. John DOE, Appellant.

(343 S. E. (2d) 47)

Court of Appeals

*John M. Mahon, Jr.*, Columbia, *for appellants.*

*Sherod H. Eadon, Jr.,* of *Lee & Eadon,* Columbia, *for respondent.*

Heard Feb. 25, 1986.

Decided April 14, 1986.

LITTLEJOHN, Acting Judge:

Defendant-Respondent, Beverly Jeter, was a passenger on a city bus operated by South Carolina Electric and Gas Company when an uninsured motorist negligently backed his vehicle into the path of the bus. The bus company was a self-insurer of its motor vehicles. Jeter was injured and seeks to have the bus company pay for damages caused by the negligence of the uninsured motorist.

The bus company instituted this declaratory judgment action against Jeter seeking a declaration that the uninsured motorist provisions of the statute do not provide coverage for injuries to a paying passenger inflicted by an unknown and uninsured motorist. The trial judge ruled in favor of Jeter; we affirm.

The narrow issue which the Court is called on to determine, as taken from the Brief of the bus company, is as follows:

Is a self-insurer required to provide uninsured motorist coverage under § 56-9-830 of the Code?

That section is a part of South Carolina's Financial Responsibility Act which requires that motor vehicles (other than those owned by self-insurers) be covered by liability insurance. It provides in relevant part as follows:

No such policy or contract shall be issued or delivered unless it contains a provision by endorsement or otherwise, herein referred to as the uninsured motorist provision, undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motorist vehicle, ...

This question has been answered by the Courts of other states. In *Crocker v. Transport of New Jersey and John Doe,* 169 N. J. Super. 498, 404 A. (2d) 1293 (1979), the Court held, consistent with the trial judge in this case, in favor of the

injured party. In *Yellow Cab Company of Virginia v. Adinolfi*, 204 Va. 815, 134 S. E. (2d) 308 (1964), the Court held, inconsistent with the trial judge in this case, in favor of the self-insurer. The statutes involved are at least somewhat similar, but not identical, to ours. These cases are referred to merely for the purpose of indicating that there is a split of authority.

We need not, however, go beyond the decision of the Supreme Court of South Carolina as reported in *Southern Home Insurance Company v. Burdette*, 268 S. C. 472, 234 S. E. (2d) 870 (1977). Therein our Supreme Court held:

> We think it was the intention of the legislature that a self-insurer provide the same protection to the public that a statutory liability policy provides. A self-insurer substitutes for an insurance policy to the extent of the statutory policy requirements. Therefore, we hold that Burdette's does self-insure the operation of its motor vehicles by persons using with consent, express or implied.

We think that Jeter was a member of the public as contemplated by the statute and the opinion just quoted. Section 56-9-810 defines "the term insured" as follows:

> The term 'insured' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above.

The order and judgment of the lower court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.