1304

Earl J. DAVIS, Respondent v. The STATE OF SOUTH CAROLINA BUDGET AND CONTROL BOARD, DIVISION OF GENERAL SERVICES INSURANCE RESERVE BOARD, Appellant.

(378 S. E. (2d) 604)

Court of Appeals

*William L. Pope*, of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford*, Columbia, *for appellant.*

*David Popowski* and *William B. Regan*, Charleston, *for respondent.*

*Terrell T. Horne*, of *Sumter* and *Kathryn Williams*, Greenville, *amicus curiae, for South Carolina Trial Lawyers' Ass'n.*

Heard Dec. 13, 1988.

Decided March 13, 1989.

BELL, Judge:

This is a declaratory judgment action to determine whether the State Insurance Reserve Fund must offer underinsured motorist coverage to those state agencies and political subdivisions to which it provides motor vehicle liability coverage.

Relying on *State Farm Mutual Automobile Insurance Company v. Wannamaker*, 291 S. C. 518, 354 S. E. (2d) 555 (1987), the circuit court ruled that the Fund must offer underinsured motorist insurance to its insureds. We reverse.

Earl J. Davis is a police officer of the Town of Goose Creek, South Carolina. He was struck by an oncoming car when he was standing on the side of the highway writing a ticket for another car. As a result of the accident, Davis received payment from the insurer of the other vehicle. Following receipt of that payment, Davis commenced this action to recover underinsured motorist benefits from the State Insurance Reserve Fund.

The State Insurance Reserve Fund has been established by the State Budget and Control Board under authority granted by Section 1-11-140, Code of Laws of South Carolina, 1976, as amended. The Fund provides tort liability insurance on a nonprofit basis to state agencies and political subdivisions. The procurement of tort liability insurance from the Fund is the exclusive means by which governmental entities in South Carolina may obtain such insurance.

The Town of Goose Creek owned the patrol car assigned to Davis when the accident occurred. The Fund had insured the car under a standard automobile tort liability policy issued to Goose Creek. The policy provided third party liability, economic loss, and uninsured motorist coverages. It did not provide underinsured motorist coverage and the Fund never offered this coverage to Goose Creek.

Section 38-77-160, Code of Laws of South Carolina, 1976, as amended,[1] provides in part:

Automobile insurance carriers shall offer, at the option of the insured, * * * * underinsured motorist coverage up to the limits of the insured['s] liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at fault insured or underinsured motorist.

Construing this statute in *Garris v. Cincinnati Insurance Company*, 280 S. C. 149, 311 S. E. (2d) 723 (1984), the Supreme

[1] This section, formerly Section 56-9-831, Code of Laws of South Carolina, 1976, as amended, was recodified by Section 1 of Act No. 155, Acts and Joint Resolutions of the General Assembly of South Carolina, Regular Session, 1987.

Court held that insurance carriers must offer underinsured motorist coverage in any amount up to the insured's liability coverage to its policyholders. In *State Farm Mutual Automobile Insurance Company v. Wannamaker*, 291 S. C. 518, 354 S. E. (2d) 555 (1987), the Court held that the burden is on the insurer to effectively transmit the offer of underinsured motorist coverage to its policyholder. If the insurer does not make an effective offer, the policy will be reformed by operaton of law to include underinsured coverage in the amount of the insured's liability coverage.

The sole question presented by this appeal is whether the State Insurance Reserve Fund is an "automobile insurance carrier" within the meaning of Section 38-77-160, so as to come under the *Wannamaker* rule.

The term "automobile insurance carrier" is not defined by the statute. However, read in the context of other statutes *in pari materia*, it is clearly synonymous with the terms "insurer" and "automobile insurer." *Compare* Section 56-9-560, Code of Laws of South Carolina, 1976, (insurance carrier) *and* Section 38-77-140, Code of Laws of South Carolina, 1976, as amended,[2] (insurer) *with* Section 38-77-160 (automobile insurance carriers). This is also implicitly recognized in the *Garris* and *Wannamaker* opinions, where the Supreme Court uses the term "insurer" as synonymous with the term "automobile insurance carrier." *See Garris v. Cincinnati Insurance Company*, 280 S. C. at 153-54, 311 S. E. (2d) at 726; *State Farm Mutual Automobile Insurance Company v. Wannamaker*, 291 S. C. at 520-21, 354 S. E. (2d) at 556.

Section 38-77-30(2), Code of Laws of South Carolina, 1976, as amended,[3] defines "automobile insurer" to mean "an in-

---

[2] Formerly Section 56-9-820, Code of Laws of South Carolina, 1976, as amended.

[3] Formerly Section 38-37-10, Code of Laws of South Carolina, 1976, as amended. The former section provided:

*"Automobile insurance insurer"* or *"insurer of automobile insurance"* means an insurer licensed to do business in South Carolina and authorized to issue policies or contracts of automobile bodily injury and property damage liability insurance, including medical payments and uninsured motorist coverage, and which is authorized to issue or offer under or in conjunction therewith automobile physical damage insurance such as automobile comprehensive physical damage, collision, fire, theft, combined additional coverage, and similar automobile physical damage insurance and economic loss benefits as provided by Articles 1 to 15 of this chapter.

surer licensed to do business in South Carolina and authorized to issue automobile insurance policies." Section 38-1-20(25), Code of Laws of South Carolina, 1976, as amended,[4] defines "insurer" to include

> any corporation, fraternal organization, burial association, other association, partnership, society, order, individual, or aggregation of individuals engaging or proposing or attempting to engage as principals in any kind of insurance or surety business, including the exchanging of reciprocal or interinsurance contracts between individuals, partnerships, and corporations.

The State Insurance Reserve Fund falls under neither definition. It is a special fund established and administered by the State Budget and Control Board under direct authority from the General Assembly. The Fund is not a corporation, fraternal organization, partnership, association, individual, or any of the other entities coming within the statutory definition of "insurer." Neither is it required to be licensed or authorized to issue automobile insurance policies by the South Carolina Insurance Commission as are the "automobile insurance carriers" covered by the statute. We, therefore, hold that the Fund is not an "automobile insurance carrier" within the meaning of Section 38-77-160 and the provisions of that section do not apply to the Fund.

The judgment of the circuit court is

Reversed.

SHAW and CURETON, JJ., concur.

---

[4] Formerly Section 38-1-20(4), Code of Laws of South Carolina, 1976, as amended.