1520

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant v. CINCINNATI INSURANCE COMPANY, Holly Elizabeth Faust, Harriet D. Faust, Joseph G. Jenkins, Joseph G. Jenkins, III, Helen Uprichard and The Dantzler Insurance Agency, Defendants, of whom Cincinnati Insurance Company, Joseph G. Jenkins, Joseph G. Jenkins, III, Helen Uprichard and The Dantzler Insurance Agency are, Respondents.

(394 S.E. (2d) 855)

Court of Appeals

*Robert E. Salane* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*Duke K. McCall, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *Charles E. Carpenter, Jr.,* and *R. Davis Howser,* both of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondents.*

*William B. Woods,* of *Brown & Woods,* Columbia, *for defendants.*

Heard May 15, 1990.

Decided July 2, 1990.

CURETON, Judge:

This declaratory judgment action involves the question of underinsured motorist coverage. Holly Elizabeth Faust was injured while a passenger in a car driven by Joseph G. Jenkins, III. The Jenkins automobile was insured by Cincinnati Insurance Company. A complaint was filed by Firemen's Insurance Company. Firemen's provided coverage to Harriet Faust, the mother of Holly Faust. Firemen's alleged Cincinnati provided primary underinsured motorist coverage to Holly Faust as a matter of law by virtue of Cincinnati's failure to make a meaningful offer of underinsured coverage to its policyholder, Joseph G. Jenkins. Firemen's alleged any underinsured coverage it might provide under a policy issued to Harriet D. Faust, Holly's mother, would be excess. Holly Faust recovered a judgment against the at-fault third party for approximately $200,000. The third party's liability coverage was not adequate and, therefore, underinsured coverage became relevant. The trial court dismissed the complaint on a Rule 12(c) motion for judgment on the pleadings holding Firemen's did not state a justiciable controversy and did not have standing to bring the action. Firemen's appeals. We affirm in part, reverse in part and remand.

On appeal from an order granting a Rule 12(c) motion the reviewing court may not consider matters outside the pleadings. The Rule 12(c) motion admits the well pleaded facts in the complaint and the court must take those well pleaded factual allegations as true. The motion does not admit the inferences drawn by the plaintiff from the facts nor does it admit conclusions of law. *Russell v. City of Columbia,* — S.C. —, 390 S.E. (2d) 463 (Ct. App. 1989).

## I.

The circuit court found Firemen's had no standing and failed to state a justiciable controversy against Cincinnati and Jenkins because Firemen's was attempting to raise questions of coverage which Cincinnati and its insured, Joseph G. Jenkins, were not contesting. Firemen's plead Cincinnati had failed to make a meaningful offer of underinsured coverage to Jenkins. In a joint answer, Cincinnati and Jenkins alleged a valid offer was made and rejected by Jenkins. By its complaint, Firemen's contends it can prove otherwise.

To state a sufficient cause of action under the Declaratory Judgment Act a party must demonstrate a justiciable controversy. *Brown v. Wingard,* 285 S.C. 478, 330 S.E. (2d) 301 (1985). A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute which is contingent, hypothetical, or abstract. *Guimarin & Doan, Inc. v. Georgetown Textile and Mfg. Co., Inc.,* 249 S.C. 561, 155 S.E. (2d) 618 (1967). A justiciable controversy exists where (1) a concrete issue is present, and (2) there is a definite assertion of legal rights and a positive legal duty which is denied by the adverse party. *Power v. McNair,* 255 S.C. 150, 177 S.E. (2d) 551 (1970). A party has stated a cause of action under the Declaratory Judgment Act if he states the existence of a controversy which should be decided even though he is ultimately on the wrong side of the controversy. *Dantzler v. Callison,* 227 S.C. 317, 88 S.E. (2d) 64 (1955).

We find the trial court erred in holding Firemen's did not state a justiciable controversy. There is a viable controversy concerning the availability of underinsured motorist coverage for Holly Faust. The issue is concrete because Holly Faust recovered a judgment against the

third party tort-feasor which exceeds the liability coverage available. Firemen's has alleged facts supporting a legal duty on the part of Cincinnati to provide the coverage and Cincinnati has denied the duty. We are aware the joint pleading filed by Cincinnati and Jenkins alleges coverage was offered and rejected. However, we view the conflicting allegations as stating a controversy which is subject to proof. We obviously express no opinion on whether Firemen's can prove its case on the merits.

We also find Firemen's has standing to assert the cause of action. Firemen's has a personal stake in the subject matter of the lawsuit because Firemen's may be called upon to provide underinsured coverage to Faust if Cincinnati is deemed to have none. *Duke Power Co. v. S.C. Public Serv. Comm'n.*, 284 S.C. 81, 326 S.E. (2d) 395 (1985); *Furman Univ. v. Livingston*, 244 S.C. 200, 136 S.E. (2d) 254 (1964) (one without interest in subject matter of suit has no standing to pursue it). As such, Firemen's has an interest in the determination of the issue.

## II.

The court also granted the Rule 12(c) motion as it pertained to Helen Uprichard and the Dantzler Insurance Agency because the court found no statutory duty on the part of an independent insurance agent to offer underinsured motorist coverage. *See S.C. Code Ann.* Section 38-77-160 (Rev. 1989) (statute utilizes term "automobile insurance carriers" or "carriers"). Cincinnati filed no crossclaim against Uprichard and Dantzler for indemnity. Given the language of the statute and the posture of the pleadings we affirm this aspect of the circuit court's order. *See Davis v. S.C. Budget and Control Board*, 298 S.C. 135, 378 S.E. (2d) 604 (Ct. App. 1989), *cert. dismissed*, — S.C. —, 392 S.E. (2d) 183, 184 (1990).

The decision of the circuit court is affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part and remanded.

SANDERS, C.J., and GARDNER, J., concur.