Hillsborough
No. 90-591

MOSES J. COLTEY

v.

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY

December 31, 1991

*Cullity, Kelley & McDowell,* of Manchester (*Joseph F. McDowell, III,* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.,* of Manchester (*Carol Ann Conboy* and *Alice K. Page* on the brief, and *Ms. Conboy* orally), for the defendant.

BROCK, C.J.   The defendant, New England Telephone and Telegraph Company (NET), has filed an interlocutory appeal from the Superior Court's (*M. Flynn*, J.) order denying its motion for summary judgment and thus requiring the self-insured employer to provide uninsured motorist coverage to an employee injured in a work-related accident. We reverse.

It is undisputed that the plaintiff, Moses J. Coltey, was injured in a work-related accident by a still unidentified hit-and-run driver during his employment with NET. He received workers' compensation benefits for the injuries he sustained, but sought additional benefits from NET in the form of uninsured motorist coverage. At the time of the accident, NET had certified to the director of motor vehicles that it was a self-insurer and financially able to satisfy all claims against it. The only liability insurance policy held by NET was a general liability policy, or an umbrella policy, for claims in excess of $2.5 million. Coverage under this policy, already having been litigated, is not at issue in this case.

Following the accident, Coltey filed a claim with NET for uninsured motorist insurance, which was denied. The plaintiff then brought this action, and the superior court, denying the defendant's motion to dismiss for failure to state a cause of action under New Hampshire law, ruled that NET was responsible for affording the plaintiff uninsured motorist coverage. On appeal, the defendant, relying on our recent decision in *Dionne v. City of Manchester*, 134 N.H. 225, 589 A.2d 1016 (1991), argues that, as a self-insurer, it is not required to provide its employees with uninsured motorist coverage. The plaintiff contends, to the contrary, that because NET is a self-insurer complying with the New Hampshire Financial Responsibility Laws, RSA ch. 264 (1982 and Supp. 1991), it must provide uninsured motorist coverage.

■■   New Hampshire does not require every motor vehicle to be insured, or even, in some cases, proof of financial responsibility prior to the operation of a vehicle. However, under some circumstances, *e.g.*, on conviction of certain traffic-related offenses or after causing an accident, RSA 264:2, :3 (1982 and Supp. 1991), proof of financial responsibility is required. RSA 264:21 provides alternative methods of giving proof of financial responsibility:

"I. By filing with the department a certificate . . . of an insurance company or of a surety company to satisfy any judgment . . . for damages resulting from an accident . . . ;

II. By the deposit of money or securities [in the statutorily required minimum policy amount]; or

III. By satisfying the director that any corporation has financial ability to comply with the requirements of this chapter."

The plaintiff asserts that upon electing to satisfy its financial responsibility obligation by complying with RSA 264:21, III, the defendant is required to comply with *all* sections in RSA chapter 264 (1982 and Supp. 1991), including RSA 264:15 (Supp. 1991), which mandates that all policies issued in New Hampshire contain uninsured or hit-and-run motor vehicle coverage.

■ The question of whether uninsured motorist coverage must be provided by a self-insurer has recently been addressed by this court. In *Dionne v. City of Manchester*, 134 N.H. 225, 589 A.2d 1016, we analyzed RSA 259:61, 264:14, and 264:15 (the statutes at issue in the case at bar) and their applicability to the City of Manchester, a self-insurer. In that case, we concluded that "[t]he City ha[d] not formed a contract with an insurance company to indemnify its drivers, but instead simply accepts the risk of accident and pays damage claims when required to do so. Therefore, the provisions of RSA 264:15, I, are inapplicable to this case." *Id.* at 228, 589 A.2d at 1018 (citation omitted). We went on to note that "[t]he requirements of RSA 259:61, 264:14, and 264:15 may be avoided simply by choosing not to purchase an insurance policy. . . . All persons, *corporate entities, and* governmental units thus have almost complete freedom to decide whether to be insured or uninsured in the State of New Hampshire." *Dionne*, 134 N.H. at 229, 589 A.2d at 1019 (emphasis added).

■■ NET, like the City of Manchester, is a self-insured employer, albeit a corporate, rather than governmental, entity. This is a distinction, however, without a difference. As recognized in *Dionne*, either entity may decide to remain uninsured, and the uninsured motorist statute is inapplicable to those which have not purchased an insurance policy. *Id.* at 229, 589 A.2d at 1019. Therefore, NET, which has chosen to remain self-insured, is not obligated to comply with the provisions of RSA 264:14 (1982 and Supp. 1991) and 264:15 (1982 and Supp. 1991).

■ The plaintiff argues that *Dionne* is not applicable due to the "triggering" effect of the financial responsibility statute. In other words, according to the plaintiff, once NET demonstrated financial responsibility, it became a "regulated" motorist, required to provide uninsured motorist coverage. The uninsured motorist statute, how-

ever, does not apply to either a "regulated" or an "unregulated" motorist unless the motorist has obtained a motor vehicle liability policy.

■ As we explicitly held in *Dionne*, 134 N.H. at 228, 589 A.2d at 1018, a self-insured entity has no motor vehicle liability policy, and, in the absence of a policy, the uninsured motorist statute is not applicable. NET, a self-insured company, has no motor vehicle liability policy; not only did it not enter into a contract with an insurer, but it could not possibly issue an insurance policy to itself. *See Hill v. Catholic Charities*, 118 Ill. App. 3d 488, 492, 455 N.E.2d 183, 186 (1983) ("A policy is a contract and like all contracts it requires two parties, an insurer and an insured"). As in *Dionne*, NET's lack of a motor vehicle liability policy forecloses the application of RSA 264:15 (1982 and Supp. 1991) to it.

■ The plaintiff further claims that there is no rational basis for denying coverage, and cites several cases from other jurisdictions as persuasive authority. As noted in *Dionne*, however, these jurisdictions are highly regulated, and while they may interpret "the word 'policy' in an uninsured motorist protective statute . . . to require coverage from a 'self-insurer,' (citations omitted) . . . [s]uch is not the case in New Hampshire," 134 N.H. at 229–30, 589 A.2d at 1019. We decline to rule on the other arguments presented by the plaintiff since our holding on this issue is dispositive of the case.

*Reversed; case dismissed.*

JOHNSON, J., did not sit; the others concurred.