23669

Stanley WRIGHT, Respondent v. Laura SMALLWOOD, State Farm Mutual Automobile Insurance Company, and the City of Columbia, Defendants, of which The City of Columbia is Respondent, and State Farm Mutual Automobile Insurance Company is Appellant. Appeal of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(419 S.E. (2d) 219)

Supreme Court

*Rebecca Laffitte* and *C. Mitchell Brown,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*Gary W. Popwell, Jr.,* of *Lee, Eadon, Isgett and Popwell,* Columbia, *for respondent Stanley Wright.*

*Kenneth E. Gaines,* of *Office of the City Atty.,* Columbia, *for respondent City of Columbia.*

Heard April 20, 1992.

Decided June 8, 1992.

CHANDLER, Justice:

State Farm Mutual Automobile Insurance Company (State Farm) appeals an Order holding that Respondent City of Columbia (City) is not required to provide uninsured motorist (UM) coverage on its vehicles.

We reverse.

## FACTS

Stanley Wright (Wright), an employee of City, while driving a City vehicle, was involved in an auto accident with the defendant, Laura Smallwood (Smallwood), an uninsured motorist. He received Workers' Compensation benefits from City, a self-insurer for both Workers' Compensation and automobile liability. In a third-party suit against Smallwood, Wright obtained a $3,500 default judgment. Thereafter, he instituted this declaratory judgment action to determine from whom he should seek UM benefits: from State Farm, his personal automobile insurer, or from City, owner of the vehicle.

City moved for summary judgment alleging (1) that it was immune from liability under the South Carolina Tort Claims Act (Act),[1] (2) that it was required to provide UM coverage for its vehicles and (3) that Workers' Compensation was Wright's exclusive remedy. Without addressing ground three, Circuit Court granted the motion.

## ISSUES

1. Does the Tort Claims Act bar Wright's claim for UM benefits against City?
2. Is City required to provide UM coverage?

---

[1] S.C. Code Ann. § 15-78-10 *et seq.* (Cum. Supp. 1991).

3. Is Wright's claim barred by the exclusivity provision of the Workers' Compensation Law?[2]

## DISCUSSION

### I. *Tort Claims Act*

Section 15-78-60 of the Tort Claims Act (Act) immunizes governmental entities from liability for loss resulting from:

(14) any claim covered by the South Carolina Workers' Compensation Act, except claims by or on behalf of an injured employee to recover damages from any person other than the employer, the South Carolina Unemployment Compensation Act, or the South Carolina State Employee's Grievance Act;
(20) an act or omission of a person other than an employee including but not limited to the criminal actions of third persons;

City contends these provisions immunize it from liability to Wright for uninsured motorist benefits. We disagree.

It is made clear in its title that the Act applies only to the *torts* of a governmental entity. *See, e.g.*, § 15-78-20(b), § 15-78-40 (Cum. Supp. 1991). Contractual liability is expressly excluded from immunity: "Nothing in this Chapter affects liability based on contract. . . ." S.C. Code Ann. § 15-78-20(d) (Cum. Supp. 1991).

This Court has previously held uninsured motorist coverage to be "a contractual liability required by statute." *Senn v. J.S. Weeks and Co.*, 255 S.C. 585, 593, 180 S.E. (2d) 336, 339 (1971). Accordingly, the Act does not bar Wright's claim against City for UM benefits.

### II. *Mandatory UM Coverage*

S.C. Code Ann. § 38-77-150 (1989)[3] provides:

*No automobile insurance policy* or contract *may be issued* or delivered *unless it contains . . .* [an] *uninsured motorist provision* undertaking to pay the insured all

---

[2] S.C. Code Ann. § 42-1-540 (1985).

[3] Formerly S.C. Code Ann. § 56-9-830 (1976). City concedes in brief that, at the time of Wright's accident, it was subject to the UM provision of the South Carolina Financial Responsibility Act. (Respondent's Brief at p. 5).

> sums which he is legally entitled to recover . . . from the owner . . . of an uninsured motor vehicle. (Emphasis supplied.)

City contends this mandatory provision is inapplicable in that: (1) City is not an "automobile insurance carrier" and (2) as a "self-insurer," City does not "issue" policies. Both contentions are without merit.

City relies upon *Davis v. South Carolina Budget and Control Board*, 298 S.C. 135, 378 S.E. (2d) 604 (Ct. App. 1989), for the proposition that only "automobile insurance carriers" must provide UM coverage. *Davis* is clearly inapposite.

*Davis* involved the offer of *optional, under* insured motorist coverage required by S.C. Code Ann. § 38-77-160 (1989),[4] which mandates that "automobile insurance carriers" *offer* such coverage. There, Court of Appeals held that the State Insurance Reserve Fund, not being an "automobile insurance carrier," is not required to *offer* underinsured motorist coverage.

The *un*insured motorist statute, significantly, makes no distinction between "automobile insurance carriers" and any other insurer; it mandates that *all* automobile policies contain *un*insured coverage. City's reliance upon *Davis* is misplaced.

Moreover, we reject City's contention that, since it "issues" no policies, it is not required to provide UM coverage. In *Southern Home Ins. Co. v. Burdette's Leasing Service, Inc.*, 268 S.C. 472, 477, 234 S.E. (2d) 870, 872 (1977), we stated, "Technically, a self-insurer is not an insurer is not an insurer at all. In actuality, a self-insurer provides a substitute for an insurance policy." Nevertheless, we held that self-insurers are required to "provide the same protection to the public that a statutory liability policy provides." *Id. See also SCE&G v. Jeter*, 288 S.C. 432, 343 S.E. (2d) 47 (Ct. App.) (1986) (specifically holding that self-insurers are required to provide UM coverage).

City, as any other self-insurer, is required to provide UM coverage.

---

[4] Formerly S.C. Code Ann. § 56-9-831 (1976).

### III. *Workers Compensation*

City asserts, as an additional sustaining ground, that ▮ right's exclusive remedy is Workers' Compensation. We disagree.

This Court has previously recognized the rationale and public policy inherent in Workers' Compensation legislation. In *Case V. Hermitage Cotton Mills*, 236 S.C. 515, 530-31, 115 S.E. (2d) 57, 66 (1960), Justice Legge wrote:

> The American concept of workmen's compensation is founded upon recognition of the advisability, from the standpoint of society as well as of employer and employee, of *discarding the common law idea of tort liability in the employer-employee relationship* and of substituting therefor the principle of liability on the part of the employer, regardless of fault, to compensate the employee, in predetermined amounts based upon his wages, for loss of earnings resulting from accidental injury arising out of and in the course of the employment. (Emphasis supplied.)

Under the scheme, "[t]he employee receives the right to swift and sure compensation; the employer receives *immunity from tort actions* by the employee." *Parker v. Williams and Madjanik, Inc.*, 275 S.C. 65, 70, 267 S.E. (2d) 524, 526 (1980) (emphasis supplied).

As discussed earlier, UM coverage does not sound in tort, ut in contact. *Senn v. J.S. Weeks and Co., supra.* Therefore, the exclusivity provision of the Workers' Compensation law[5] does not operate to bar Wright's contractual claim for UM benefits.

Moreover, the majority of jurisdictions held that receipt of Workers' Compensation benefits does not preclude recovery of UM benefits from a self-insured employer. *See, e.g., Bouley v. City of Norwich*, 25 Conn. App. 492, 595 A. (2d) 884 (1991); *William v. City of Newport News*, 240 Va. 425, 397 S.E. (2d) 813 (1990); *Heavens v. Laclede Gas Co.*, 755 S.W. (2d) 331 (Mo. App. 1988); *Christy v. City of Newark*, 102 N.J. 598, 510 A. (2d) 22 (1986); *Mathis v. Interstate Motor Freight System*, 408 Mich. 164, 289 N.W. (2d) 708 (1980).

---

[5] S.C. Code Ann. § 42-1-540 (1985).

We find the statutorily imposed contractual liability of UM coverage consistent with the purpose and policy of the Workers' Compensation law.

Reversed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.