Dear County Attorneys and Solicitor:
You have requested our opinion whether your self-insured counties must maintain no-fault personal injury protection ("PIP") and uninsured motorist ("UM") coverage on their vehicles. The Motor Vehicle Administration ("MVA") requires self-insured entities that participate in the MVA's self-insurance program under Annotated Code of Maryland, Transportation Article ("TR"), § 17-103, to carry such coverage.
In our opinion, counties are not required by statute to maintain PIP and UM coverage on their vehicles. Thus, like the State, counties that self-insure are not subject to the requirements of PIP and UM coverage that apply to private self-insurers.
 I Automobile Liability Coverage
A. Mandatory Automobile Liability Insurance
Maryland is a compulsory insurance state — i.e., automobile liability insurance or its equivalent is a prerequisite to registration of a motor vehicle. TR, § 17-104. The compulsory insurance law assures that motor vehicle owners and operators "are financially able to pay" for damages from motor vehicle accidents. Enterprise Leasing Co. v. Allstate Insurance Company,341 Md. 541, 549, 671 A.2d 509, 514 (1996). The policy underlying the law is to provide a source of funds to compensate innocent third parties for injuries from motor vehicle accidents. Id.
Under the compulsory insurance law, motor vehicle insurance policies must provide minimum liability coverage of $20,000 for individual personal injuries, up to a total of $40,000 per accident, and $15,000 for property damage. Annotated Code of Maryland, Insurance Article ("IA") § 19-504; TR, § 17-103(b)(1), (2). Motor vehicle insurance policies must also provide personal injury protection to cover medical, hospital, and disability expenses for the insured, family members, guests and authorized users without regard to fault ("PIP") and protection against damages caused by uninsured motorists ("UM").[1]
IA, § 19-505, 19-509; TR, § 17-103(b)(3), (4).
The MVA may accept "another form of security in place of a vehicle liability insurance policy" that provides the required minimum benefits if it finds that the other security — for example, self-insurance — provides the requisite minimum benefits. TR, § 17-103. The MVA has issued regulations specifying certain vehicle owners who may self-insure and the requirements for self-insurance. COMAR 11.18.02.
B. MVA Self-Insurance Program
The MVA self-insurance regulations apply to all self-insurers in Maryland "except the State and federal government." COMAR11.18.02.01. Applicants for certification as a self-insurer must provide "security of a type and amount acceptable to the [Motor Vehicle] Administration" that benefits will be paid as required by Title 17 of the Transportation Article.[2] COMAR11.18.02.03A. Under those regulations, a local government is considered a "Class C" self-insurer. The minimum security required for a Class C self-insurer is a letter signed by its top elected official and comptroller guaranteeing that any valid claims will be paid. COMAR 11.18.02.04D(3). The regulation itself does not define what claims are "valid" against a local government that self-insures. Rather, the regulation requires self-insurers to "provide the same benefits" required by Title 17 of the Transportation Article. COMAR 11.18.02.03A(1). Thus, whether counties that self-insure must provide PIP and UM coverage depends upon the application of the compulsory insurance law to those entities.
 II PIP and UM Coverage in State and Local Government
A. Application of PIP and UM Requirements to State
The Court of Appeals of Maryland has twice analyzed the requirement of PIP and UM coverage in the context of a State agency and concluded that the State is not required to provide PIP and UM benefits. Nationwide Mutual Ins. Co. v. USFG,314 Md. 131, 550 A.2d 69 (1988) and Harden v. Mass. Transit Administration, 277 Md. 399, 354 A.2d 817 (1976). The reasoning on which these decisions are based suggests that the Court would also reach the same result with respect to counties.
In Harden, the Court held that the Mass. Transit Administration was not required to maintain no-fault personal injury insurance coverage — i.e., PIP benefits — for its passengers. In Nationwide, the Court held that an insurance policy covering State motor vehicles did not have to include PIP or UM coverage. In both cases, the Court reasoned that the sections of the State motor vehicle and insurance laws that require vehicle owners to maintain PIP and UM coverage as a condition of vehicle registration do not apply to the State. This holding was based on the principle that "the State is not deemed to be bound by an enactment of the General Assembly unless the enactment specifically names the State or manifests a clear and indisputable intention that the State is to be bound." Nationwide, 314 Md. at 142 (quoting City of Baltimore v. State,281 Md. 217, 223, 378 A.2d 1326 (1977)). Because neither the insurance code or the motor vehicle law specifically requires the State to provide UM and PIP benefits, the Court affirmed the denial of claims for such benefits in Harden and Nationwide. In addition, in Nationwide, the Court held that the limited waiver of sovereign immunity in the motor vehicle law for claims arising out of negligent use of a government vehicle applied only to tort liability and not to statutory and contractual PIP and UM claims. Nationwide, 314 Md. at 147-50.
B. Application of PIP and UM Requirements to Political Subdivisions
In a previous opinion this Office applied the reasoning of Nationwide and Harden to a proposal by Baltimore City to exclude PIP and UM coverage of its employees from its self-insurance program. Opinion No. 89-005 (February 15, 1989) (unpublished). That opinion concluded:
 While the Nationwide and Harden decisions dealt with the issue of whether the State could be required to provide UM and PIP coverage for its insured vehicles, the holdings would apply equally to Baltimore City. The general rule is that neither the State nor its subdivisions are included in legislation imposing obligations on "persons," unless the statute specifically provides for the inclusion of the governmental entity . . . Baltimore City is "a separate political entity similar in character to the several counties. . . ." For the same reasons that the Court of Appeals found in Nationwide that the State was not a "person" required to obtain PIP and UM coverage, we conclude that the City of Baltimore is not a "person" or an "owner" required to provide UM and PIP coverage on its vehicles.
Opinion No. 89-005 at pp. 3-4 (citations and footnotes omitted).
Notably, the Local Government Tort Claims Act, Annotated Code of Maryland, Courts Judicial Proceedings Article, § 5-301
et seq., contains a limited waiver of sovereign immunity as to local governments for tortious acts of employees within the scope of their employment. However, consistent with the reasoning of Nationwide, that waiver is limited to tort liability and does not subject political subdivisions to the statutory requirements of PIP and UM coverage.
While political subdivisions are not required to maintain PIP and UM coverage, nothing prohibits a local government from providing such benefits as part of its self-insurance program. Even if a local government does not provide such benefits, there is a source of funds available to compensate individuals who are not at fault from injuries in accidents with a government-owned motor vehicle. The Maryland Automobile Insurance Fund ("MAIF") is funded by uninsured motorist assessments to pay injury and damage claims of qualified persons without recourse to any other insurance. IA, § 20-601 et seq.; TR, § 17-106(e)(2). Consistent with the design of the Maryland compulsory insurance law, this ensures a source of funds to pay compensation for valid claims arising from motor vehicle accidents.[3] See Enterprise Leasing Co., supra.
 III Conclusion
It is our opinion that counties that self-insure are not required to maintain PIP and UM coverage on their vehicles.
 J. Joseph Curran, Jr. Attorney General
 Jonathan Acton, II Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] An insured person may waive UM coverage in excess of the statutory liability coverage requirements and may waive PIP coverage altogether. IA, § 19-906, 19-910.
[2] Courts in other states have split on the question whether self-insurers must provide PIP and UM benefits required by statute for automobile liability insurance policies. See generally Annotation, Applicability of Uninsured Motorist Statutes to Self-Insurers, 27 A.L.R.4th 1266.
In states where a certificate of self-insurance is viewed as the functional equivalent of an insurance policy, self-insurers have been required to provide PIP and UM coverage for non-employees. See, e.g., Allstate Insurance Co. v. Shaw,52 N.Y.2d 818, 820, 418 N.E.2d 388, 436 N.Y.S.2d 873 (1980)(". . . [I]f self-insurers are exempted from providing uninsured motorist coverage, their privilege of saving insurance premiums would work the precise diminution of protection of highway users which the Legislature refused to countenance."); National Farmers Union Property Casualty Co. v. Bang, 516 N.W.2d 313, 316 (S.D. 1994); Wright v. Smallwood, 308 S.C. 471, 474, 419 S.E.2d 219 (1992); Hartford Insurance Co. v. Hertz Corp., 410 Mass. 279, 285-86,572 N.E.2d 1 (1991); Twyman v. Robinson, 255 Ga. 711, 712,342 S.E.2d 313 (1986); Modesta v. Southeastern Pennsylvania Transportation Authority, 503 Pa. 437, 441-42, 469 A.2d 1019 (1983).
Other states, however, hold that self-insurance is not an insurance policy and, therefore, not subject to the statutory requirements of PIP and UM coverage. See, e.g., McSorley v. Hertz Corp., 885 P.2d 1343, 1350 (Okla. 1994)("The fact that a self-insurer is financially responsible for its own vehicles or their operation does not transform it into an insurer as contemplated by the insurance code."); Lipof v. Florida Power Light Co.,596 So.2d 1005, 1008 (Fla. 1992); City of Gary v. Allstate Insurance Co., 612 N.E.2d 115, 118 (Ind. 1993); Coltney v. New England Telephone and Telegraph Co., 600 A.2d 940, 941 (N.H. 1991); Ellis v. Rhode Island Public Transit Authority, 586 A.2d 1055, 1060
(R.I. 1991).
[3] Courts in other jurisdictions have noted that claimants have recourse to an unsatisfied claim and judgment fund while holding public entities exempt from statutory requirements of PIP and UM coverage. Ross v. Transport of New Jersey, 114 N.J. 132,553 A.2d 12, 15, 19 (1989); Nassau Insurance Co. v. Guarascio,82 A.D.2d 505, 442 N.Y.S.2d 83, 88 (N.Y.App.Div. 1981).
 *Page 9