# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Gregory A. Collins (Deceased), Employee, Claimant, Respondent,

v.

Seko Charlotte and Nationwide Mutual Ins. Co., Petitioners,

v.

West Expedited & Delivery Service, Inc., Defendant,

v.

Seko Worldwide and Federal Ins. Co., Defendants,

v.

Uninsured Employers Fund, Respondent.

Appellate Case No. 2012-213425

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From the South Carolina Workers' Compensation
Commission Appellate Panel

---

Opinion No. 27519
Heard March 5, 2015 – Filed April 29, 2015

## AFFIRMED

Weston Adams, III, of McAngus Goudelock & Courie, LLC, of Columbia, and Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mt. Pleasant, both for Petitioner.

Linda Byars McKenzie, of Bowen McKenzie & Bowen, LLP, of Greenville, and Timothy Blair Killen, of Willson Jones Carter & Baxley, P.A., of Columbia, for Respondents.

**JUSTICE BEATTY:** This matter is before the Court on a writ of certiorari to the Court of Appeals to review the decision in *Collins v. Charlotte*, 400 S.C. 50, 732 S.E.2d 630 (Ct. App. 2012). The Court of Appeals reversed the Workers' Compensation Commission's (Commission) decision which found that Gregory Collins was not a statutory employee of Seko Charlotte at the time of his death. We affirm.

## I.  Facts

Collins worked for West Expedited & Delivery Service, Incorporated (West Expedited) and was killed in an automobile collision while returning to South Carolina after making a delivery in Wisconsin for Seko Charlotte. West Expedited, as a subcontractor, contracted with Seko Charlotte to make an interstate delivery of parts. Seko Charlotte, like West Expedited, is in the cargo delivery business.

Collins made deliveries to Wauwatosa and Menomonee Falls, Wisconsin. Although there is no written contract, Seko Charlotte engaged in business with West Expedited roughly two to three times per month. In this case, as was customary, Seko Charlotte paid West Expedited for mileage one way, however, West Expedited included the cost of the return trip in the mileage rate charged Seko Charlotte.

As a result of Collins' work-related death, Collins' dependents filed a workers' compensation claim against West Expedited[1], Seko Worldwide, Federal Insurance Company, Seko Charlotte[2], and Nationwide Mutual Insurance Company (Nationwide).[3]  The case was heard by a single commissioner of the Workers' Compensation Commission.  The single commissioner applied the three tests from *Voss v. Ramco, Inc.*, 325 S.C. 560, 482 S.E.2d 582 (Ct. App. 1997)[4] and determined that Collins was Seko Charlotte's statutory employee at the time of his fatal accident pursuant to section 42-1-410 of the South Carolina Code.[5]

---

[1] The Uninsured Employers Fund was brought into the case because West Expedited did not carry workers' compensation insurance at the time of Collins' fatal accident.

[2] Seko Charlotte and Nationwide Mutual Insurance Company were brought into the case after Seko Worldwide, LLC filed a motion to add them as parties.

[3] Nationwide is Seko Charlotte's workers' compensation insurance carrier.

[4] *Voss* states:

> To determine whether the work performed by a subcontractor is a part of the owner's business, this Court *must* consider whether (1) the activity of the subcontractor is an *important* part of the owner's trade or business; (2) the activity performed by the subcontractor is a *necessary, essential, and integral* part of the owner's business; or (3) the *identical activity* performed by the subcontractor has been performed by employees of the owner.

*Voss*, 325 S.C. at 568, 482 S.E.2d at 586 (emphasis added).

[5] Section 42-1-410 reads:

> When any person . . . referred to as "contractor," contracts . . . with any other person . . . for the execution or performance by or under the subcontractor of the whole or any of the work undertaken by such contractor, the contractor shall be Liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if that workman had been immediately employed by him.

S.C. Code Ann. § 42-1-410 (1985).

Additionally, Collins was determined to be a traveling employee.[6] Therefore, Seko Charlotte, and its insurance company, Nationwide, were liable.

Seko Charlotte and Nationwide timely appealed the single commissioner's order. The appeal was heard by the Appellate Panel of the Commission. Applying the four factors of the employee/independent contractor test, the Appellate Panel of the Commission concluded Collins was not an employee of Seko Charlotte on the return trip because West Expedited had "the exclusive right of control over [Collins]" after the deliveries were made in Wisconsin. The Appellate Panel of the Commission reversed the single commissioner.

The Uninsured Employers Fund (Fund) appealed to the Court of Appeals. *Collins*, 400 S.C. at 50, 732 S.E.2d at 630. The court found that the Commission committed an error of law when it applied the employee/independent contractor test instead of the statutory employee test. *Id.* at 57, 732 S.E.2d at 634. Applying the statutory employee test, the Court of Appeals concluded that Collins was Seko Charlotte's statutory employee, reversed the Commission's decision, and reinstated the single commissioner's order. *Id.* at 58, 732 S.E.2d at 634. This Court granted Seko Charlotte and Nationwide's petition for a writ of certiorari to review the decision of the Court of Appeals.

## II.    Standard of Review

"[Appellate] review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law." *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004). "The determination of whether a worker is a statutory employee is jurisdictional and, therefore, the question on appeal is one of law." *Fortner v. Thomas M. Evans Constr. & Dev., L.L.C.*, 402 S.C. 421, 429, 741 S.E.2d 538, 543 (Ct. App. 2013). "As a result, this court has the power and duty to review the entire record and decide the jurisdictional facts in accord with its view of the preponderance of the evidence." *Id.* "It is South Carolina's policy to resolve

---

[6] "It is well settled that 'traveling employees are generally within the course of their employment from the time they leave home on a business trip until they return, for the self-evident reason that traveling itself is a large part of the job.'" *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 357, 656 S.E.2d 753, 762 (Ct. App. 2007) (quoting Arthur Larson, *Larson's Workers' Compensation Law,* § 14.01 (Lexis-Nexis 2004)).

jurisdictional doubts in favor of the inclusion of employers and employees under the [Workers' Compensation Act]." *Id.* at 429-30, 741 S.E.2d at 543.

## III.    Discussion

The issue on appeal is whether the Court of Appeals erred in holding that Collins was a statutory employee of Seko Charlotte at the time of his fatal accident? The statutory employment section of the Workers' Compensation Act ("WCA") provides:

> When any person, in this section . . . referred to as "owner," undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (in this section . . . referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this title which he would have been liable to pay if the workman had been immediately employed by him.

S.C. Code Ann. § 42-1-400 (1985). "The terms owner and contractor can be used interchangeably." *Fortner*, 402 S.C. at 431, 741 S.E.2d at 544. "Thus, depending on the **nature of the work** performed by the subcontractor, an employee of a subcontractor may be considered a statutory employee of the owner or upstream employer." *Voss*, 325 S.C. at 565, 482 S.E.2d at 585 (emphasis added). There are three tests to determine whether a statutory employment relationship exists:

> To determine whether the work performed by a subcontractor is a part of the owner's business, this Court *must* consider whether (1) the activity of the subcontractor is an *important* part of the owner's trade or business; (2) the activity performed by the subcontractor is a *necessary, essential, and integral* part of the owner's business; or (3) the *identical activity* performed by the subcontractor has been performed by employees of the owner.

*Id. at* 568, 482 S.E.2d at 586 (emphasis added). "If any of these tests is satisfied, the injured worker is considered the statutory employee of the owner." *Id.*

"The concept of statutory employment provides an exception to the general rule that coverage under the WCA requires the existence of an employer-employee relationship." *Fortner*, 402 S.C. at 432, 741 S.E.2d at 544 (citing S.C. Code Ann.

§ 42-1-410). "The statutory employee doctrine converts conceded non-employees into employees for purposes of the [WCA]." *Id.* at 432, 741 S.E.2d at 544.

Seko Charlotte and Nationwide, (collectively Petitioners) argue the Court of Appeals erred in holding that Collins was Seko Charlotte's statutory employee at the time of this fatal accident because the contractual relationship between West Expedited and Seko Charlotte had terminated. Petitioners argue their contract terminated once the deliveries were made and Collins began his return trip to South Carolina. Petitioners, therefore, submit that without a contractual relationship, no statutory employment relationship may be found to exist between Collins and Seko Charlotte.

Conversely, the Fund argues that Collins was Seko Charlotte's statutory employee because the return trip was "necessarily incidental to [Collins'] statutory employment with Seko." The Fund represents that each of the three tests for creating a statutory employment relationship were met here. Further, the Fund submits that Collins' injuries arose out of his employment relationship as he was a "traveling employee" and Collins does not meet the exception to the rule because he "did not deviate from the most direct route to return him to South Carolina."

This case is fact-driven and under these facts, Collins qualifies as a statutory employee. The circumstances here involve a delivery of goods on a round-trip to Wisconsin and back to South Carolina. Seko Charlotte concedes that Collins was a statutory employee on the trip to Wisconsin. At issue is whether Collins' status ever changed.

The Court of Appeals was correct in concluding that the Commission erred in applying the employee/independent contractor test when it should have applied the statutory employee test. The statutory employee status is an exception to the normal employee/employer relationship. In the statutory employment analysis, active control of the worker is not the focal point. It is evident that Seko Charlotte understands this because Seko Charlotte had no more control over Collins on the trip to Wisconsin than it did on the return trip to South Carolina, yet it concedes that Collins was its statutory employee on the trip to Wisconsin.

Seko Charlotte contends that it was the parties' understanding that the delivery of the cargo to Wisconsin terminated their contract. Assuming this to be so, Seko Charlotte's and West Expedited's understanding of when their obligation to each other terminated is not dispositive of our inquiry. This is so because the contract only provides the necessary foundation for the creation of the statutory employee relationship. Once the statutory employee status attaches, the extent of

the status is determined by the nature of the work contracted to be performed. We must view this issue from the perspective of when was the employee's contracted work for the statutory employer completed. Our focus thus becomes the nature of the work itself.

Collins was engaged in an "express hot delivery" from South Carolina to Wisconsin for Seko Charlotte. In this instance, an "express hot delivery" is understood in the trade to mean an immediate and direct trip to Wisconsin. It is also understood that it is unlikely that the driver will have cargo on the return trip. Moreover, Morris West, owner of West Expedited, testified that it was unusual to carry cargo on a return trip of an "express hot delivery," and when West Expedited did have a load it was for the same primary contractor.

Seko Charlotte frequently used West Expedited's services and knew that the trip was being made especially for them and that, more than likely, the return trip would be without cargo for another West Expedited customer. Indeed, Collins did not pick up any cargo for the return trip to South Carolina. Therefore, the nature of the work required immediate travel to Wisconsin and an expected return trip to South Carolina. As the Court of Appeals stated in *Hall*, the traveling itself is a large part of the job. *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 357, 656 S.E.2d 753, 762 (Ct. App. 2007). Viewed from this perspective, it is reasonable to conclude that, under the facts of this case, the work for Seko Charlotte ended when Collins returned to South Carolina.

This conclusion is buttressed by the fact that Seko Charlotte concedes that: (1) it is in the cargo delivery business; (2) interstate deliveries are a necessary and integral part of its business; and (3) its drivers make similar deliveries as Collins did if it is within 100 miles of Charlotte. The nature of the work for Seko Charlotte's direct employees is the same as the work performed by Collins. This fits squarely within the requirements of *Voss*.

Further, the language of section 42-1- 400 states, "the owner shall be liable to pay to any workman employed in the work any compensation under this title which he would have been liable to pay if the workman had been immediately employed by him." As such, this section does not allow for partial or conditional statutory employees. Seko Charlotte concedes that its drivers are covered on their return trips. Collins was entitled to the same coverage as Seko Charlotte's direct employees.

## IV.    Conclusion

The Court of Appeals properly reversed the Commission's decision and reinstated the single commissioner's order.  We, therefore, affirm the Court of Appeals.

**AFFIRMED.**

**PLEICONES, Acting Chief Justice, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**