**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terence Sullivan, Appellant.

v.

Ocean 22 Vacation Owners' Association, Inc., Respondent.

Appellate Case No. 2023-000969

———————————

Appeal From Horry County
R. Keith Kelly, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-016
Submitted October 1, 2025 – Filed January 21, 2026

———————————

**REVERSED**

———————————

Jeffrey Ryan Heiskell, of Georgetown, and Joseph Clay Hopkins, of Charleston, both for Appellant.

Nicholas James Rivera, Russell Grainger Hines, and Edward D. Buckley, Jr., of Charleston, all for Respondent.

———————————

**PER CURIAM:** This appeal arises from the circuit court's dismissal of Terence Sullivan's (Appellant's) complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the South Carolina Rules of Civil Procedure. Appellant argues

the circuit court erred by (1) holding Ocean 22 Vacation Owners' Association (the Association) was Appellant's statutory employer under the South Carolina Workers' Compensation Act (the Act); and (2) ignoring case law that requires statutory employers to procure workers' compensation insurance. We reverse.

## FACTS

The Association is the owners' group for Hilton Grand Vacations Club Ocean 22 Myrtle Beach (the Property), a Hilton Grand Vacations, Inc. (HGV) timeshare resort. The Association is registered with the South Carolina Secretary of State's Office as a corporation. HGV, through its wholly owned subsidiary, Hilton Grand Vacations Management (HGVM) (collectively, Hilton) entered into an agreement with the Association to manage and operate the Property as a Hilton-branded timeshare resort. The Association has no direct employees. The timeshare structure was formalized in the "Declaration of Covenants, Conditions and Restrictions and Vacation Ownership Instrument for Ocean 22 Vacation Suites" (the Declaration). In the Declaration, the Association is defined as "a South Carolina non-profit corporation, organized for the purposes set forth in this Declaration. The Association manages the [Property] through the Board and the Manager."

The Association entered into a management agreement (the Management Agreement) with HGV, which allowed HGV to "manage and operate the Property in accordance with the same practices and standards utilized in the management of other Hilton Grand Vacation Club projects" and "maintain and repair the Property to a first class resort standard." Pursuant to the Management Agreement, HGV agreed to "employ, compensate[,] and supervise all persons necessary to manage, maintain, administer and operate the [Property]." The Management Agreement further allowed HGV to delegate and subcontract all or part of its obligations. Appellant was hired by HGV to serve as a bell person at the Property. While working at the Property, Appellant slipped on an algae spot on the sidewalk and was injured. He sought and received $80,000 in workers' compensation benefits through his direct employer, HGV. A Medicare Set Aside trust account was established for Appellant in the amount of $57,285.31. Two months after settling with HGV, Appellant filed suit against the Association, alleging causes of action for (1) Premises Liability—Negligence/Gross Negligence as to an Invitee, and (2) Negligent Hiring, Training, Supervision and Retention.

The Association moved to dismiss on October 15, 2021, arguing, as Appellant's statutory employer, it was immune from tort liability. Following a hearing, the

circuit court granted the Association's motion and dismissed Appellant's complaint with prejudice. The order held Appellant's exclusive remedy was dictated by the Act, and as such, the circuit court "lacked the subject matter jurisdiction to entertain his work[-]related injury claims." Appellant moved for reconsideration, arguing (1) the circuit court erred in finding the Association was his statutory employer specifically because the businesses of the Association and Hilton are wholly separate and distinct, and (2) even if the Association was in fact Appellant's statutory employer, the Association still was not entitled to tort immunity under the Act because the Association did not establish that it maintained workers' compensation insurance as required by the Act. The circuit court denied the motion[1] finding, *inter alia*, Appellant staked his entire argument "on the false premise that the Association needed to secure the payment of workers' compensation to avail itself of tort immunity." The court held language in the Management Agreement explicitly showed Hilton was responsible for complying with all applicable laws, "which necessarily includes complying with the insurance requirements of the Act," and this was shown through the workers' compensation settlement reached between Appellant and Hilton and its workers' compensation insurance carrier, Starr Indemnity & Liability Company. This appeal followed.

## STANDARD OF REVIEW[2]

"The determination of whether a worker is a statutory employee is jurisdictional and therefore the question on appeal is one of law." *Johnson v. Jackson*, 401 S.C. 152, 159, 735 S.E.2d 664, 667 (Ct. App. 2012). "When deciding questions of law, such as this one, this court has the power and duty to review the entire record and decide the jurisdictional facts in accord with its view of the preponderance of the evidence." *Id.* "It is South Carolina's policy to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the [Act]." *Collins v. Charlotte*, 412 S.C. 283, 288, 772 S.E.2d 510, 513 (2015) (quoting *Fortner v.*

---

[1] The court found, as an initial matter, that there were procedural issues as to both of Appellant's arguments because they had not been raised prior to Appellant's Motion to Reconsider. In any event, the court still addressed each argument on the merits. Upon review of the record, we find these issues preserved.

[2] The parties disagree on the proper appellate standard of review. Appellant argues the proper standard is based on a motion for summary judgment. However, this appeal challenges the circuit court's dismissal on the basis that the Association is immune from tort liability to Appellant as Appellant's statutory employer. Additionally, in its order, the circuit court explicitly dismisses the Appellant's complaint due to lack of subject matter jurisdiction.

*Thomas M. Evans Constr. & Dev., LLC*, 402 S.C. 421, 429-30, 741 S.E.2d 538, 543 (Ct. App. 2013)).

**LAW/ANALYSIS**[3]

Appellant argues the circuit court erred in finding the Association was not required to provide documentation of a workers' compensation insurance policy.[4] We agree.

A statutory employer pursuant to the Act is liable to pay workers' compensation to any workman employed in the work as if the workman were directly employed by the owner. S.C. Code Ann. § 42-1-400 (2015). However, to benefit from the Act's protections, including immunity from tort liability, the statutory employer must comply with the insurance requirements outlined in sections 42-5-10 and 42-5-20 of the Act. Section 42-1-415 provides that higher-tier contractors, subcontractors, or project owners must collect documentation of insurance at the time a contractor or subcontractor is engaged to perform work. Failure to collect proper documentation can result in liability for workers' compensation claims and loss of immunity for the employer.

Here, there is no documentation the Association procured workers' compensation insurance pursuant to the Act. In fact, the Association admitted at the hearing on the motion to dismiss that it was unaware if it carried a workers' compensation policy. Rather, it relied on the fact Hilton had workers' compensation insurance as evidenced through Appellant's prior settlement with Hilton. To the extent the Association and circuit court relied on the language in the Management Agreement as documentation for a workers' compensation policy, we disagree. *See Harrell*, 337 S.C. at 322, 523 S.E.2d at 770 ("Whatever the parties contract to call their relationship is not controlling in a statutory employment analysis."); S.C. Code Ann. § 42-1-610 (2015) ("No contract or agreement, written or implied, and no

---

[3] We first address Appellant's second issue.

[4] The Association argues this issue is not properly before the court because Appellant conceded *Harrell v. Pineland Plantation, Ltd.,* 337 S.C. 313, 523 S.E.2d 766 (1999) applied and did not argue *Poch v. Bayshore Concrete Products/South Carolina, Inc.*, 405 S.C. 359, 747 S.E.2d 757 (2013) to the circuit court. While Appellant never explicitly named *Poch*, he did raise the issue of procuring workers' compensation insurance at the hearing. Accordingly, we find it preserved for review.

rule, regulation or other device shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this Title except as otherwise expressly provided in this Title."); *Wilson v. Daniel Int'l Corp.*, 260 S.C. 548, 552, 197 S.E.2d 686, 688 (1973) (stating the terminology used by the parties is not controlling of their relationship). We find, based on the language in the Act as well as case law, that to be entitled to tort immunity as a statutory employer, the Association was required to provide documentation of a workers' compensation insurance policy. *See Glover v. U.S.*, 337 S.C. 307, 311, 523 S.E.2d 763, 765 (1999) (holding "an owner, within the meaning of S.C. Code § 42-1-400, must comply with section 42-5-20 by either directly purchasing insurance to cover its potential workers' compensation liabilities or qualifying as a self-insurer before the owner may claim immunity under the Act's exclusive remedy provision"); *Harrell*, 337 S.C. at 327, 523 S.E.2d at 773 (finding "[a]n employer who refuses or neglects to secure such compensation becomes liable either under the Act or in an action at law . . . . Thus, an employer who fails to secure the payment of compensation as prescribed in section 42-5-20 loses its immunity under the Act's exclusive remedy provision."); 6 Arthur Larson, *Workers' Compensation Law*, § 67.22 (1998) ("A common exception to the exclusiveness of the compensation remedy is the right of suit against an employer who fails to secure his compensation liability by taking out insurance or qualifying as a self-insured."); *Poch*, 405 S.C. at 379, 747 S.E.2d at 767 (emphasizing that compliance with section 42-5-20 is a prerequisite for immunity under the Act).[5]

---

[5] Because we reverse on the basis the Association failed to comply with the Act by neglecting to procure workers' compensation insurance, we decline to address Appellant's argument that the circuit court erred in finding the Association was his statutory employer under the Act. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive). If the Association was, in fact, the statutory employer, then it did not comply with the Act's requirement to provide documentation of a workers' compensation policy. If the Association was not the statutory employer, then it would not be eligible for the immunity protections afforded by the Act. *See* S.C. Code Ann. § 42-5-10 ("Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter."); *Keene v. CNA Holdings, LLC*, 436 S.C. 1, 13, 870 S.E.2d 156, 162 (2021) (emphasizing that the public policy behind the statutory employee doctrine is to ensure coverage for workers, not to provide civil immunity to entities that do not meet the definition of an employer under the Act); *Posey v. Proper Mold & Eng'g, Inc.*, 378 S.C. 210, 224, 661 S.E.2d 395, 403 (Ct. App. 2008) (reiterating

Based on the foregoing, the order of the circuit court is

**REVERSED.**[6]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

the Act "provides the exclusive remedy against *an employer for an employee's* work-related accident or injury."); *Wright v. Smallwood*, 308 S.C. 471, 475, 419 S.E.2d 219, 221 (1992) ("Under the scheme [set forth in the Act], the employee receives the right to swift and sure compensation; the employer receives immunity from tort actions by the employee.")

[6] We decide this case without oral argument pursuant to Rule 215, SCACR.