21605

The STATE, Appellant, v. Tommy Lee FOSTER, Jimmy Allen Crisp, Thomas Blease Odell, Herbert L. Tolbert, and Herman S. Daniels, Respondents.

(284 S. E. (2d) 780)

---

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William L. Todd* and *Patrick M. Teague,* Columbia, *for appellant.*

Tommy Lee Foster, pro se.
Jimmy Allen Crisp, pro se.
Thomas Blease Odell, pro se.
Herbert L. Tolbert, pro se.
Herman S. Daniels, pro se.

November 24, 1981.

*Per Curiam:*

The respondents were summoned to court on rules to show cause why they should not be barred from operating motor vehicles on highways of this State, as directed by the Habitual Offender Act, S. C. Code of Laws, §§ 56-1-1010 through -1130 (1976). The trial judge found each had committed offenses subjecting him to treatment as an habitual offender. *See* S. C. Code of Laws, § 56-1-1070 (1976). He issued orders stating he found the circumstances did not justify the use of the Habitual Offender Act. We vacate these orders and remand for application of the penalty mandated by the Act.

When a trial judge finds the individual before him is an habitual offender, he "shall direct that the person not operate a motor vehicle on the highways of this State and [that he] surrender to the court his driver's license or permit." S. C. Code of Laws, § 56-1-1070 (1976). The statute is clear and explicit; it leaves no room for construction. The Court must therefore apply it literally. *Green v. Zimmerman,* 269 S. C. 535, 238 S. E. (2d) 323 (1977). Taken literally, the word "shall" is mandatory. *Ex Parte Tolbert,* 206 S. C. 300, 34 S. E. (2d) 49 (1945). We hold therefore that the Habitual Offender Act requires the judge to impose its penalty when, as here, he finds the individual before him is an habitual offender.

The trial judge erred by exercising his discretion in a matter not entrusted to his discretion. We vacate the orders and remand with instructions to the trial judge to impose the penalty set out in the Habitual Offender Act.