585 S.E.2d 288

**The STATE, Respondent,**

v.

**Kenneth W. CROUCH, Appellant.**

No. 25698.

Supreme Court of South Carolina.

Heard June 25, 2003.

Decided Aug. 11, 2003.

Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, of Columbia, for Appellant.

Deputy Director for Legal Services Teresa A. Knox, Legal Counsel Tommy Evans, Jr., and Legal Counsel J. Benjamin Aplin, all of South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

Justice PLEICONES:

Kenneth Crouch ("appellant") was charged with three probation violations. The court revoked in full the remaining fifty-one months of a five year sentence, partially revoked two lesser sentences, and continued appellant on probation on these latter two charges. The court ordered the continued probationary terms tolled while appellant was incarcerated on the fifty-one month sentence. Appellant contends this was error. We vacate the probation revocations related to the two latter charges.

## ISSUE

Did the trial court err in revoking appellant's probation?

## FACTS

On October 20, 1998, appellant pled guilty in Saluda County ("Saluda County charges") to two counts of burglary in the second degree, and one count of grand larceny of property valued at less than $5,000. On June 18, 1999 [1], appellant was sentenced on each charge to concurrent terms of five years imprisonment, suspended upon service of nine months imprisonment and five years probation.

On January 26, 1999, and January 27, 1999, in Newberry County ("Newberry County charges"), appellant pled guilty to two counts of obtaining property by false pretenses, and was sentenced on each charge to concurrent terms of three years imprisonment, suspended upon time served and two years probation.

On March 30, 1999, in Aiken County ("Aiken County charge") appellant pled guilty to burglary and was sentenced

---

1. The record is unclear as to why sentencing was deferred.

to eight years imprisonment, suspended upon service of four years imprisonment, and four years probation. Appellant did not appeal any of his convictions. All sentences were concurrent since in no case did the sentencing judge specify the sentences were to be served consecutively. *Finley v. State,* 219 S.C. 278, 64 S.E.2d 881 (1951).

On November 8, 2000, appellant was released on parole on the Aiken County charge, with parole to expire on May 17, 2001. On May 1, 2001, 16 days before parole was to expire, a probation arrest warrant was issued on the Aiken County charge. On June 27, 2001, a probation arrest warrant was issued on the Saluda County charges, and on June 29, 2001, a probation arrest warrant was issued on the Newberry County charges.

On July 26, 2001, at the probation revocation hearing, the judge revoked the Saluda County sentence in full, requiring appellant to serve the remaining fifty-one months of the sentence. The judge also revoked the Newberry County sentences, requiring service of 37 days. The judge purported to toll the two year Newberry County probationary period while the appellant served the Saluda County sentence. Finally, the judge revoked the Aiken County sentence, requiring service of 37 days. The judge also "tolled" the Aiken County probation until after appellant served the 51 month active sentence for the Saluda County charges.

## ANALYSIS

Appellant contends that the trial judge erred in tolling the Newberry and Aiken County probationary periods while he was incarcerated on the Saluda County charge. We address each charge individually.

### 1. *Newberry County charges*

Appellant was sentenced on the Newberry County charges on January 26 and 27 of 1999. Appellant received two sentences to be served concurrently: the first was suspended upon credit for time served and two years probation and restitution (the 1/26/99 sentence), the second was suspended upon credit for time served and two years probation (the 1/27/99 sentence). Appellant's probation began to run, at the

latest, on January 27, 1999. Therefore, appellant's probation on the Newberry County charges ended no later than January 27, 2001.[2] The probation violation arrest warrant for the Newberry County charges was not issued until June 29, 2001. On July 26, 2001, the judge purportedly revoked the Newberry County sentence and sought to toll the running of probation during appellant's incarceration on the Saluda County charge.

Under S.C.Code Ann. § 24–21–450 (Supp.2002), an arrest warrant for violation of terms of probation may be issued "[a]t any time during the period of probation or suspension of sentence." The statute "authorizes the court to issue or cause the issuing of a warrant only during the period of probation and, in the absence of the timely issuance of such warrant, the court is without authority to revoke the probation after the probationary period has passed, even though the violation occurred during such period." *State v. Hutto*, 252 S.C. 36, 45–46, 165 S.E.2d 72, 76 (1968). Because the warrant implicates the trial court's subject matter jurisdiction, the issue can be raised at any time. *Id.*

A decision "to revoke probation generally rests within the circuit court's discretion, [however] an appellate court should reverse when that decision is based on an error of law or lacks supporting evidence." *State v. Brown*, 349 S.C. 414, 417–18, 563 S.E.2d 339, 340 (Ct.App.2002). The Newberry County probationary sentences expired approximately five months prior to the issuance of the probation arrest warrant. We need not reach the tolling issue since the judge did not have subject matter jurisdiction to revoke the Newberry County sentences because a probation arrest warrant was not issued during the probationary period. We vacate the judge's purported revocation of the Newberry sentences.

### 2. *Aiken County charge*

Appellant was incarcerated for the Aiken County crime, and was paroled on November 8, 2000, with parole expected to expire on May 17, 2001. On May 1, 2001, sixteen days prior to the expiration of parole, a probation arrest warrant was issued

---

**2.** The record reveals no appropriate period of tolling, e.g., absconding or partial revocation and continuance.

on the Aiken County charge. Appellant was on parole for the Aiken County sentence when the probation arrest warrant for the Aiken County sentence was issued.

█ In South Carolina, parole and probation are governed by statute. When a prisoner is released on parole, the prisoner "must remain in the jurisdiction of the [Board of Probation, Parole, and Pardon Services] and may at any time on the order of the board be imprisoned as and where therein designated." S.C.Code Ann. § 24–21–660 (Supp.2002). When a parolee violates the terms of his parole, "the parole agent must issue a warrant or citation charging the violation of the parole, and a final determination must be made by the board as to whether the prisoner's parole should be revoked . . . the board shall be the sole judge as to whether or not a parole has been violated. . . ." S.C.Code Ann. § 24–21–680 (Supp.2002), *Sanders v. MacDougall,* 244 S.C. 160, 161, 135 S.E.2d 836, 837 (1964).

Many states have statutes that specifically address the issue of whether parole and probation for the same charge run simultaneously. *See eg.,* Alaska Stat. § 33.20.040(c) (2002); Ark.Code Ann. § 5–4–307(b) (2002); N.C. Gen.Stat. § 15A–1375 (2003). South Carolina has no such statutory provision. In this case, appellant was on parole, not probation, when the probation arrest warrant was issued. The Parole Board had revocation authority over the appellant, not the court. The Department of Probation, Parole and Pardon Services is the supervising agency whether a person is on probation or parole. Since, however, the General Assembly has seen fit to provide for different revocation authorities depending upon the status of a person as a parolee or a probationer; it is logical to conclude that the legislature did not intend for the two states to co-exist. In the absence of a specific statutory direction from the General Assembly that parole and probation for the same offense can exist simultaneously, we decline to judicially impose such a standard.

The probation arrest warrant was a nullity since it was not issued "during the time of probation." S.C.Code Ann. § 24–21–450 (Supp.2002). Thus, the alleged revocation of probation on the Aiken County charge was a nullity, as the judge had no subject matter jurisdiction. *State v. Hutto, supra;* S.C.Code

Ann. § 24–21–680 (Supp.2002). Therefore, the judge could not toll the probation on the Aiken County sentence while appellant served the Saluda County sentence. We vacate the judge's purported revocation of the Aiken County sentence. Since we have held the two lesser probation revocations should be vacated, we need not address whether probationary sentences can be tolled so as to turn concurrent sentences into consecutive ones.

## CONCLUSION

The revocation of the Saluda County sentence was proper.

However, the judge's revocation of the Newberry County and the Aiken County sentences are **VACATED** because the trial court lacked subject matter jurisdiction.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.