613 S.E.2d 364

**Anthony L. MILLER, Jr., Plaintiff,**

**v.**

**Rashid Michael AIKEN, Defendant.**

**No. 25976.**

Supreme Court of South Carolina.

Heard April 5, 2005.

Decided May 2, 2005.

304

William G. Jenkins, Jr., of Hilton Head Island, for Plaintiff.

Max G. Mahaffee, of Grimball & Cabaniss, L.L.C., of Charleston, for Defendant.

JUSTICE BURNETT:

Pursuant to Rule 228, SCACR, we accepted the following questions on certification from the United States District Court for the District of South Carolina:

I.   Is an automobile insurer which provides only non-liability "collision and other named perils" coverage an "automobile insurance carrier" under S.C.Code Ann. § 38–77–160 (2002), and thus required to offer underinsured motorist (UIM) coverage?

II.   If such an insurer is required to make an offer of UIM coverage, and no such offer was made, does the UIM coverage imposed by South Carolina law extend to the limits of a separate (though simultaneously obtained) liability policy?

## FACTUAL/PROCEDURAL BACKGROUND

The plaintiff was injured in an automobile accident.  Plaintiff was a passenger in a car being driven by the defendant. Defendant was at fault in causing the accident.  Plaintiff has suffered damages which exceed the extent of all coverages which could be applicable.

At the time of the accident, Plaintiff was residing with his father, who owned and operated a tractor-trailer that was not involved in the accident.  Plaintiff's father obtained non-trucking insurance on the tractor-trailer from two separate companies, but through a single agent.  The insurance consisted of: (1) liability coverage up to $500,000 from Connecticut Indemnity Co. and (2) collision coverage up to $18,000 from Occiden-

tal Fire & Casualty Company. Neither Connecticut nor Occidental offered UIM coverage to Plaintiff's father.

## STANDARD OF REVIEW

In answering a certified question raising a novel question of law, the Court is free to decide the question based on its assessment of which answer and reasoning would best comport with the law and public policies of this state and the Court's sense of law, justice, and right. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 719 (2000) (citing S.C. Const. art. V, §§ 5 and 9, S.C.Code Ann. § 14–3–320 and –330 (1976 & Supp.2004), and S.C.Code Ann § 14–8–200 (Supp.2004)); *Osprey, Inc. v. Cabana Ltd. Partnership*, 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000) (same); *Clark v. Cantrell*, 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000) (same); *Antley v. New York Life Ins. Co.*, 139 S.C. 23, 30, 137 S.E. 199, 201 (1927) ("In [a] state of conflict between the decisions, it is up to the court to 'choose ye this day whom ye will serve'; and, in the duty of this decision, the court has the right to determine which doctrine best appeals to its sense of law, justice, and right.").

## LAW/ANALYSIS

Plaintiff argues an automobile insurer which provides only collision insurance, is an "automobile insurance carrier" under S.C.Code Ann. § 38–77–160, and is thus required to offer UIM coverage. Section 38–77–160 provides, in relevant part:

> **Automobile insurance carriers** shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed in Section 38–77–150. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute.

(emphasis added).

The question we must decide is whether an insurer which provides only non-liability "collision and other named perils"

coverage constitutes an "automobile insurance carrier" under Section 38–77–160.

The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the Legislature. *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). In ascertaining the intent of the Legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning. *Carolina Power & Light Co. v. City of Bennettsville,* 314 S.C. 137, 139, 442 S.E.2d 177, 179 (1994). However plain the ordinary meaning of the words used in a statute may be, the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intention. *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). If possible, the court will construe the statute so as to escape the absurdity and carry the intention into effect. *Id.*

The term "automobile insurance *carrier*" is not defined in the pertinent South Carolina statutes. South Carolina Code Ann. § 38–77–30(1) (2002) defines "automobile insurance" as follows:

"Automobile insurance" means automobile bodily injury and property damage liability insurance, including medical payments, and uninsured motorist coverage, and automobile physical damage, **collision**, fire, theft, combined additional coverage, and similar automobile physical damage insurance and economic loss benefits as provided by this chapter written or offered by automobile insurers.

(emphasis added).

Plaintiff urges us to conclude that because Section 38–77–30(1) specifically includes "collision" and other perils insurance, an automobile insurer providing only non-liability "collision and other named perils" coverage is an "automobile

insurance carrier" under S.C.Code Ann. § 38–77–160 and is required to offer UIM coverage.

Plaintiff also cites *Davis v. Budget & Control Bd.*, 298 S.C. 135, 378 S.E.2d 604 (Ct.App.1989). The issue in *Davis* was whether the State Insurance Reserve Fund must offer UIM coverage to those state agencies and political subdivisions to which it provides motor vehicle liability coverage. The Court of Appeals considered whether the State Insurance Reserve Fund is an "automobile insurance carrier" under Section 38–77–160 and stated the following:

> The term "automobile insurance carrier" is not defined by statute. However, read in the context of other statutes *in pari materia,* it is clearly synonymous with the terms "insurer" and "automobile insurer." ... Section 38–77–30(2) ... defines "automobile insurer" to mean "an insurer licensed to do business in South Carolina and authorized to issue automobile insurance policies." Section 38–1–20(25) ... defines "insurer" to include
>
> > any corporation, fraternal organization, ... other association, partnership, society, order, individual, or aggregation of individuals engaging or proposing or attempting to engage as principals in any kind of insurance or surety business....
>
> *Davis,* 298 S.C. at 137–138, 378 S.E.2d at 605–606.

The Court of Appeals concluded the State Insurance Reserve Fund did not fall under either definition and thus was not required to offer UIM coverage.[1] Plaintiff argues, that unlike the State Insurance Reserve Fund, Occidental is an automobile insurance carrier because Occidental admits it is an automobile insurer. Therefore, Occidental was required to offer UIM coverage. We agree Occidental is an automobile insurance carrier. However, we conclude an automobile insurer providing **only** collision insurance to its insured should not be required to make a meaningful offer of UIM.

---

1. The Court of Appeals concluded the State Insurance Reserve Fund is a special fund established and administered by the State Budget and Control Board under direct authority from the General Assembly and is thus not a corporation, fraternal organization, partnership, etc. *Davis,* 298 S.C. at 138, 378 S.E.2d at 606.

First, to accept Plaintiff's argument requiring an insurer providing only collision insurance to make a meaningful offer of UIM would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature. Section 38–77–160 requires an offer of optional UIM coverage "up to the limits of the liability coverage." If an automobile insurer providing only collision insurance to its insured falls within the UIM requirements of Section 38–77–160, then arguably under the statute, it must provide liability coverage up to the amount provided by another insurer despite the fact the collision insurer never contracted to provide liability insurance. If interpreted broadly, it would also require an insurer providing only collision insurance to the insured to make a meaningful offer of UIM to an insured who previously bought liability insurance from another carrier. This would be a far-reaching conclusion, which would require a subsequent insurer providing only collision insurance to determine what, if any, liability insurance the insured may have with another carrier. We do not believe the Legislature intended an insurer providing only collision coverage be subject to potential liability in amounts under a contract to which it was not a party.

Second, *Davis* provides limited guidance in this case. The only issue before the Court of Appeals was whether the State Insurance Reserve Fund, a unique entity, was an "automobile insurance carrier." It is undisputed in this case that Occidental is an automobile insurance carrier. The conclusion in *Davis* is inapposite under the facts of this case.

## CONCLUSION

■ For the foregoing reasons, we conclude the "meaningful offer" provision under § 38–77–160 is triggered only when an insurer offers liability insurance and does not require an insurer providing only collision coverage to make an offer of UIM. Accordingly, we answer the first certified question: no. Our disposition of this issue makes it unnecessary to address the second certified question.

**CERTIFIED QUESTIONS ANSWERED.**

**TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.**