636 S.E.2d 626

**Timothy Ross HOWELL, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, Defendant.**

No. 26213.

Supreme Court of South Carolina.

Heard Sept. 19, 2006.

Decided Oct. 16, 2006.

506

John S. Nichols, of Bluestein & Nichols, L.L.C., of Columbia; and Stuart G. Anderson, Jr., and Robert M. Ariail, Jr., both of Anderson, Fayssoux and Chasteen, P.A., of Greenville, for Plaintiff.

C. Mitchell Brown and William C. Wood, Jr., both of Nelson Mullins Riley & Scarborough, L.L.P., of Columbia, for Defendant.

Justice BURNETT:

We accepted three questions certified by the United States District Court for South Carolina pursuant to Rule 228, SCACR. The questions involve the applicability of S.C.Code Ann. § 38–77–160 (2002) to an insurance policy providing liability coverage for only hired and non-owned vehicles used in the named insured's business.

## FACTUAL/PROCEDURAL BACKGROUND

The facts are drawn from the district court's certification order. On June 2, 2002, Timothy Ross Howell (Plaintiff) was involved in an automobile accident while driving an automobile owned by his father. Plaintiff was acting in the course and scope of his employment as a pizza delivery driver for Perfect Delivery, Inc. ("Perfect Delivery"), a Papa John's franchisee, when the accident occurred.

On the date of the accident, Perfect Delivery had an insurance policy ("Fidelity policy") in effect with Fidelity and Guaranty Insurance Company (Defendant). Perfect Delivery was the named insured on the Fidelity policy, which provided liability coverage for non-owned and hired automobiles used in Perfect Delivery's business. Risk Services Corporation ("Risk

Services"), a captive insurer of Papa John's International, issued the Fidelity policy to Perfect Delivery pursuant to a fronting agreement between Defendant and Risk Services. At no time did Defendant, Risk Services, or anyone acting on their behalf ever offer to Perfect Delivery the opportunity to select or reject UIM coverage for inclusion in the Fidelity policy.

Plaintiff asserts he is entitled to have the Fidelity policy reformed to include underinsured motorist (UIM) coverage up to the liability limit contained in the Fidelity policy because Defendant, or those acting on its behalf, failed to make an offer of UIM coverage to Perfect Delivery for that policy. Defendant denies that Plaintiff is entitled to reformation of the Fidelity policy, alleging it did not have a duty to offer UIM coverage.

## STANDARD OF REVIEW

In answering a certified question raising a novel question of law, the Court is free to decide the question based on its assessment of which answer and reasoning would best comport with the law and public policies of this state and the Court's sense of law, justice, and right. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 719 (2000) (citing S.C. Const. art. V, §§ 5 and 9, S.C.Code Ann. §§ 14-3-320 and -330 (1976 & Supp.2005), and S.C.Code Ann. § 14-8-200 (Supp.2005)); *Osprey, Inc. v. Cabana Ltd. P'ship*, 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000) (same).

## CERTIFIED QUESTIONS

1. Must an insurer offer underinsured motorist coverage to the named insured on an insurance policy covering only hired and non-owned vehicles which are utilized in the course and scope of the insured's business?

2. Is the Fidelity policy at issue a "policy" or a "policy of automobile insurance" as defined in S.C.Code Ann. § 38-77-30(10.5) (2002)?

3. Do S.C.Code Ann. §§ 38-77-160 and -350 (2002) apply to the Fidelity policy at issue in this case?

## LAW/ANALYSIS

 The question we must decide is whether an insurer which provides liability coverage for only hired and non-owned vehicles must make a meaningful offer of UIM coverage under S.C.Code Ann. § 38–77–160 (2002). Section 38–77–160 provides in relevant part:

> Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed by Section 38–77–150. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute.

 The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature. *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). In ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. *Mid–State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). Statutes dealing with the same subject matter are *in pari materia* and must be construed together, if possible, to produce a single, harmonious result. *Joiner v. Rivas*, 342 S.C. 102, 109, 536 S.E.2d 372, 375 (2000). When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning. *Carolina Power & Light Co. v. City of Bennettsville*, 314 S.C. 137, 139, 442 S.E.2d 177, 179 (1994).

In the context of statutorily required automobile insurance, a person or corporation in South Carolina must provide proof of financial responsibility for potential accidents to legally operate a motor vehicle. This financial responsibility may consist of an insurance policy or surety bond with the required or optional coverages. S.C.Code Ann. §§ 56–10–10 to –40 and 56–10–210 to –280 (2006) (requiring proof of insurance or other acceptable security to register a motor vehicle and

establishing fines and criminal penalties for failure to do so); S.C.Code Ann. §§ 38–77–140, –150, and –160 (2002) (establishing requirements of mandatory minimum insurance limits, mandatory uninsured motorist coverage, and requiring automobile insurers to offer additional uninsured and underinsured motorist coverage, respectively); *see also Croft v. Old Republic Ins. Co.*, 365 S.C. 402, 416–17, 618 S.E.2d 909, 916 (2005) (reciting the same principles).

■ However, liability coverage for hired and non-owned vehicles is not statutorily required in this state and is provided by a voluntary contract between the insurer and the insured. Therefore, the parties may choose their own terms regarding coverage for hired and non-owned vehicles. *Willis v. Fidelity & Cas. Co. of N. Y.*, 253 S.C. 91, 97, 169 S.E.2d 282, 284–85(1969); *Kraft v. Hartford Ins. Cos.*, 279 S.C. 257, 258, 305 S.E.2d 243, 244 (1983); *S.C. Prop. & Cas. Guar. Ass'n v. Yensen*, 345 S.C. 512, 522, 548 S.E.2d 880, 885 (Ct.App.2001).

■ Regardless of whether an insurer is an automobile insurance carrier, Defendant contends because liability coverage for non-owned and hired vehicles is not statutorily required in this state, an insurer providing this type of voluntary coverage need not comply with § 38–77–160. We agree. Construing the relevant statutory provisions together, we conclude an insurer must offer UIM coverage pursuant to § 38–77–160 when the insurer extends statutorily required liability coverage. *See generally Miller v. Aiken*, 364 S.C. 303, 309, 613 S.E.2d 364, 367 (2005) (concluding "the 'meaningful offer' provision under § 38–77–160 is triggered only when an insurer offers liability insurance and does not require an insurer providing only collision coverage to make an offer of UIM."). However, we find an insurer providing solely voluntary liability coverage for hired and non-owned vehicles is not required to comply with § 38–77–160.

## CONCLUSION

For the foregoing reasons, we conclude § 38–77–160 does not require an insurer providing only voluntary liability coverage for hired and non-owned automobiles to make an offer of UIM. Accordingly, we answer the first certified question: no. Our disposition of this issue makes it unnecessary to address

the remaining certified questions. *See Miller*, 364 S.C. at 309, 613 S.E.2d at 367 (this Court does not need to address remaining questions when resolution of prior question is dispositive).

**CERTIFIED QUESTIONS ANSWERED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.