THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 The State, Appellant,
 v.
 Jenny Davis, Respondent,
 
 

Appeal from Laurens County
 Honorable Frank R. Addy, Jr., Acting Circuit
Court Judge

Unpublished Opinion No.  2008-UP-604
 Submitted November 3, 2008  Filed
November 6, 2008 

REVERSED

 
 
 
 John Benjamin Aplin, of Columbia, for Appellant.
 Kathrine H. Hudgins, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This case involves the interpretation of
 the Sex Offender Accountability and Protection of Minors Act (the Act).  The
 State appeals the probation judges imposition of global positioning satellite
 monitoring (GPS) on Jenny Davis for the duration of her probation.  We reverse. [1]
FACTS
On
 December 2, 2004, Davis pleaded guilty to lewd act upon a child under sixteen.  The
 trial court sentenced Davis to six years imprisonment suspended upon the
 service of time served and three years probation.  
Davis subsequently
 committed a series of probation violations.  After a probation violation
 hearing, the probation judge revoked three months of Daviss suspended
 sentence, continued her probation, and placed her on GPS monitoring
 during the term of her probation.  The State responded that because Davis pled guilty to lewd act on a child under sixteen, the Act requires monitoring for
 the duration Davis is required to remain on the sex offender registry.  The
 probation judge expressed concerns with lifetime GPS monitoring and ordered the
 monitoring only during the term of Daviss probation.  This appeal followed.
LAW / ANALYSIS
The State argues the probation judge erred in imposing GPS
 monitoring on Davis for a period of time less than the duration Davis is required to remain on the sex offender registry.  We agree.      
Section
 23-3-540(C) of the Act provides: A person who is required to register pursuant
 to this article for . . . committing or attempting a lewd act upon a child
 under sixteen, pursuant to Section 16-15-140, and who violates a term of
 probation . . . must be ordered by the court or agency with jurisdiction to be
 monitored . . . with an active electronic monitoring device.  S.C. Code Ann. §
 23-3-540(C) (Supp. 2007).  The person shall be monitored . . . for the
 duration of the time the person is required to remain on the sex offender
 registry. . . .  S.C. Code Ann. § 23-3-540(H) (Supp. 2007)
 (emphasis added).  
When
 a statutes terms are clear and unambiguous on their face, there is no room for
 statutory construction and a court must apply the statute according to its
 literal meaning.  Miller v. Aiken, 364 S.C. 303, 307, 613 S.E.2d
 364, 366 (2005).  The word shall indicates the time period set forth in §
 23-3-540(H) is mandatory.  See State v. Foster, 277 S.C.
 211, 212, 284 S.E.2d 780, 780 (1981) (Taken literally, the word shall
 is mandatory.).  Accordingly, the probation judge lacked discretion to shorten
 the duration of Daviss electronic monitoring.[2]  
REVERSED. 
HEARN,
C.J., SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.
[2]  We note § 23-3-540(H) permits a person to petition
 for release from the monitoring requirements ten years from the date electronic
monitoring is imposed.  S.C. Code Ann. § 23-3-540(H) (Supp. 2007).