THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 v.
 Travis Dale Smith, Respondent.
 
 
 

Appeal From Greenville County
  Charles B. Simmons, Jr., Circuit Court
Judge

Unpublished Opinion No. 2009-UP-369
 Submitted June 1, 2009  Filed June 25,
2009    

REVERSED

 
 
 
 John Benjamin Aplin, of Columbia, for Appellant.
 Appellate Defender LaNelle C. DuRant, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In
 2004, Travis Dale Smith pled guilty to committing a lewd act on a minor.  He
 was sentenced to eight years' imprisonment, suspended upon the service of five
 years' probation, and received credit for 374 days served.  According to the
 sentencing sheet, Smith was required to refrain from contacting the victim and
 to "follow special conditions for sex offenders."  On September 16,
 2004, Smith endorsed a document entitled "Special Conditions for Sex
 Offenders," which prohibited him from initiating, establishing, or
 maintaining "contact with any male or female child under the age of 18,
 except a member of [his] immediate household family."
On September 18, 2007, Smith's probation agent found a
 seventeen-year-old girl hiding in Smith's bed and recommended Smith's probation
 be revoked.  The circuit court revoked the balance of Smith's probation based
 upon Smith's failure to pay some supervision fees, failure to follow the advice
 and instructions of his probation agent or to comply with conditions of his
 probation, and failure to abide by the special conditions.  The circuit court
 specifically refused to order global positioning satellite (GPS) monitoring.  
The State appeals, arguing the circuit court abused its discretion
 by refusing to order GPS monitoring as well.  We agree.[1]  
A decision to
 revoke probation generally rests within the circuit court's discretion; however,
 an appellate court should reverse when that decision is based on an error of
 law or lacks supporting evidence.  State v. Crouch, 355 S.C. 355, 359,
 585 S.E.2d 288, 291 (2003).  "A person who is required to register [as
 a sex offender] pursuant to this article for . . . committing or attempting a
 lewd act upon a child under sixteen, pursuant to Section 16-15-140, and who
 violates a term of probation . . . must be ordered by the court or
 agency with jurisdiction to be monitored . . . with an active electronic
 monitoring device."  S.C. Code Ann. § 23-3-540(C) (Supp. 2008)
 (emphasis added).  "The person shall be monitored . . . for
 the duration of the time the person is required to remain on the sex offender
 registry. . . ."  S.C. Code Ann. § 23-3-540(H) (Supp.
 2008) (emphasis added).[2] 
 "When a statute's terms are clear and unambiguous on their face, there is
 no room for statutory construction and a court must apply the statute according
 to its literal meaning."  Miller v. Aiken, 364 S.C.
 303, 307, 613 S.E.2d 364, 366 (2005).  The word "shall"
 indicates the time period set forth in § 23-3-540(H) is mandatory.  See State v. Foster, 277 S.C. 211, 212, 284 S.E.2d 780, 780 (1981)
 ("Taken literally, the word 'shall' is mandatory.").  
The
 circuit court erred in refusing to impose GPS monitoring because this decision
 clearly was not within its discretion.  GPS monitoring following a probation
 violation is discretionary in some cases.  However, GPS monitoring following a
 probation violation is mandatory in the case of a person classified as a sex
 offender for committing a lewd act on a child under sixteen.  Smith violated
 not only the special condition restricting his contact with minors, but also
 conditions requiring him to pay
 supervision fees, to follow the advice and instructions of his probation agent,
 and to comply with conditions of his probation.  Each of these violations
 individually mandated revocation of his remaining probation and imposition of
 GPS monitoring.  Accordingly, to the
 extent it declines to order Smith to submit to GPS monitoring, the order of the
 circuit court is
REVERSED.
HEANR,
C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.
[2] However, a person may petition for release from the
 monitoring requirements ten years from the date electronic monitoring is
 imposed.  S.C. Code Ann. § 23-3-540(H) (Supp. 2008).