THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jerome
 Aldridge, Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2009-UP-420
 Submitted September 1, 2009  Filed
September 3, 2009    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM: Jerome Aldridge appeals the revocation of
 his probation, arguing the probation court's decision to revoke his probation
 was without evidentiary support and constituted a denial of due process.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: State v. Crouch, 355 S.C. 355, 359, 585 S.E.2d 288, 291 (2003) (holding this court will
 only reverse the decision to revoke probation when the decision is based on an error
 of law or lacks supporting evidence); State
 v. Conyers, 326 S.C. 263, 266, 487 S.E.2d 181, 183 (1997) (stating an issue must be raised and ruled upon in the circuit
 court in order to be preserved for appellate review); State v. White,
 218 S.C. 130, 135-36, 61 S.E.2d 754, 756 (1950) (explaining the decision to
 revoke probation is addressed to the discretion of the trial court); State
 v. Hamilton, 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999) ("Probation
 is a matter of grace; revocation is the means to enforce the conditions of
 probation."); Id. at 648, 511 S.E.2d at 97 ("[T]he authority
 of the revoking court should always be predicated upon an evidentiary showing
 of fact tending to establish a violation of the conditions.").
AFFIRMED.
HEARN, C.J., KONDUROS
 and LOCKEMY, JJ, concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.