THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Gary Joseph Gilbert, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-309
 Submitted June 1, 2010  Filed June 11,
2010    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 J. Benjamin Aplin, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Gary Joseph Gilbert appeals the circuit
 court's decision to revoke his participation in the community supervision program
 (CSP) and impose a sentence of one year imprisonment for violating his CSP. 
 Gilbert argues the circuit court abused its discretion, violated Gilbert's
 right to due process of law, and violated Gilbert's right to be free from
 discrimination under the Americans with Disabilities Act (ADA) of 1990 § 201 to
 205, 42 U.S.C. § 12131 to 12213 (2005).  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.  As to
 whether the circuit court violated Gilbert's right to due process and right to
 be free from discrimination under the ADA:  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In
 order for an issue to be preserved for appellate review, it must have been
 raised to and ruled upon by the trial judge.  Issues not raised and ruled
 upon in the trial court will not be considered on appeal.").          
2.  As
 to whether the circuit court abused its discretion in revoking Gilbert's CSP
 for one year:  State v. Allen, 370 S.C. 88, 94, 634 S.E.2d 653,
 655 (2006) (noting the decision to revoke probation is within the
 discretion of the trial court); State
 v. Crouch, 355 S.C. 355, 359,
 585 S.E.2d 288, 291 (2003)
 (finding an appellate court will only reverse the decision to revoke probation when the decision is
 based on an error of law or lacks supporting evidence); State v. Dawkins, 352 S.C. 162, 167, 573
 S.E.2d 783, 785 (2002) ("The CSP is a more stringent, closely
 monitored form of supervision than normal probation."). 
AFFIRMED.
HUFF,
 SHORT, and WILLIAMS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.