**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-1431**

---

KEVIN LAWRIMORE,

        Plaintiff - Appellant,

    v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

        Defendant – Appellee,

    and

OLD REPUBLIC INSURANCE COMPANY,

        Defendant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:14-cv-01275-RMG)

---

Submitted: December 17, 2015       Decided: January 5, 2016

---

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Carl H. Jacobson, Jeffrey W. Buncher, Jr., URICCHIO HOWE KRELL JACOBSON TOPOREK THEOS & KEITH, P.A., Charleston, South Carolina, for Appellant. Bradley L. Lanford, BAKER, RAVENEL & BENDER, L.L.P., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Lawrimore appeals the district court's orders granting Progressive Direct Insurance Company's (Progressive) motion for summary judgment and denying Lawrimore's Fed. R. Civ. P. 59(e) motion.

"We review the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014). We review the district court's denial of Lawrimore's Fed. R. Civ. P. 59(e) motion for abuse of discretion. Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014).

As the district court exercised diversity jurisdiction over this action, South Carolina law governs whether Progressive has a coverage liability for the underlying accident. Erie R.R. v. Tompkins, 304 U.S. 64, 78-80 (1938); see Francis v. Allstate Ins. Co., 709 F.3d 362, 369-72 (4th Cir. 2013) (applying state law to determine if insurance company had duty under policy). Under South Carolina law, "[i]nsurance policies are subject to general rules of contract construction." Standard Fire Co. v.

3

<u>Marine Contracting & Towing Co.</u>, 392 S.E.2d 460, 461 (S.C. 1990). "Terms of an insurance policy must be construed liberally in favor of the insured and strictly against the insurer." <u>Id.</u> "Moreover, if the intention of the parties is clear, courts have no authority to change insurance contracts in any particular or to interpolate a condition or stipulation not contemplated either by the law or by the contract between the parties." <u>Id.</u> at 461-62.

Applying the policy's definition of "auto," it is indisputable that Progressive does not have a coverage liability for the accident in question because the vehicle driven by the insured exceeded the gross vehicular weight rating for vehicles covered by the policy. Lawrimore, however, maintains that the policy's conformity clause has the effect of replacing the policy's definition of "auto" with the broader definition of "motor vehicle" found in the South Carolina Code. <u>See</u> S.C. Code Ann. § 38-77-30(9) (2015) (defining "motor vehicle" to include "every self-propelled vehicle which is designed for use upon a highway"). For purposes of interpreting the insurance policy within the context of the claim at bar—i.e., a claim arising from the insured's use of a rental truck—we reject Lawrimore's argument.

A conformity clause has the effect of excising a provision of an insurance policy that conflicts with or is voided by state

4

law and replacing the provision with the prevailing state statute or judicial rule of law. See Kay v. State Farm Mut. Auto. Ins. Co., 562 S.E.2d 676, 678-79 (S.C. Ct. App. 2002) (relying on conformity clause in auto insurance policy to replace voided provision with coverage requirement in state statute). Under South Carolina law, "liability coverage for hired and non-owned vehicles is not statutorily required . . . and is provided by a voluntary contract between the insurer and the insured. Therefore, the parties may choose their own terms regarding coverage for hired and non-owned vehicles." Howell v. U.S. Fid. & Guar. Ins. Co., 636 S.E.2d 626, 628 (S.C. 2006). Thus, because coverage for non-owned vehicles is entirely voluntary and subject to the agreed-upon terms in the policy, the policy's definition of "auto" is not voided by S.C. Code Ann. § 38-77-30(9)'s definition of "motor vehicle" for purposes of determining Progressive's coverage liability for the vehicular accident underlying this action.

Accordingly, we affirm the district court's orders granting Progressive summary judgment and denying Lawrimore's Fed. R. Civ. P. 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5