**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Dillon H., a Juvenile under the Age of Seventeen, Appellant.

Appellate Case No. 2016-001646

Appeal From Cherokee County
Kelly Pope-Black, Family Court Judge

Unpublished Opinion No. 2019-UP-089
Submitted January 1, 2019 – Filed February 20, 2019

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

**PER CURIAM:**  Dillon H. appeals the family court's order requiring him to register as a sex offender after he was adjudicated delinquent for first-degree criminal sexual conduct (CSC).  Dillon argues the sex offender registry is a civil disability, and pursuant to section 63-19-1410(C) of the South Carolina Code (2010), no family court adjudication shall operate to impose civil disabilities

ordinarily resulting from conviction.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Miller v. Aiken*, 364 S.C. 303, 307, 613 S.E.2d 364, 366 (2005) ("When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning."); *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 558, 462 S.E.2d 858, 859 (1995) ("The general rule of statutory construction is that a specific statute prevails over a more general one."); *Hodges v. Rainey*, 341 S.C. 79, 88, 533 S.E.2d 578, 583 (2000) ("The law does not favor the implied repeal of statute."); S.C. Code Ann. § 63-19-1410(C) (2010) (stating "[n]o adjudication by the court of the status of a child is a conviction, nor does the adjudication operate to impose civil disabilities *ordinarily resulting from conviction*" (emphasis added)); S.C. Code Ann. § 23-3-400 to -555 (2007 & Supp. 2018) (establishing the South Carolina Sex Offender Registry Act (the Act)); S.C. Code Ann. § 23-3-430(A), (C)(1) (2007) (providing that "[a]ny person, regardless of age," who is convicted of or "has been adjudicated delinquent for" first-degree CSC "shall be required to register" as an offender under the Act); *State v. Latimore*, 390 S.C. 88, 96, 700 S.E.2d 456, 461 (Ct. App. 2010), *aff'd as modified*, 397 S.C. 9, 723 S.E.2d 589 (2012) (noting "the sex offender registration requirement is directed at a narrow class of defendants, convicted sex offenders, rather than all felons"); *In re Justin B.*, 419 S.C. 575, 585, 799 S.E.2d 675, 680 (2017) (rejecting the appellant's argument that the mandatory lifetime registration provisions of the sex offender registry conflict with the purpose of the South Carolina Children's Code); *id.* ("The [l]egislature intended that registration . . . would apply to juveniles.  This is evident by the plain language of [the Act], which includes the phrases '[a]ny person, regardless of age' and 'adjudicated delinquent' in section 23-3-430(A) . . . ." (third alteration by court)); *id.* at 585-86, 799 S.E.2d at 680 ("The fact the [l]egislature chose to treat juveniles the same as adults in requiring registration for committing sex offenses, but to treat them differently in the punishment of ordinary offenses, is the [l]egislature's prerogative.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.