**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jill S. Amoruso, Appellant,

v.

United Services Automobile Association d/b/a USAA, Respondent.

Appellate Case No. 2024-000107

---

Appeal From Berkeley County
Jennifer B. McCoy, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-184
Submitted May 1, 2025 – Filed June 11, 2025

---

**AFFIRMED**

---

Bert Glenn Utsey, III and Christina Rae Fargnoli, of Clawson Fargnoli Utsey, LLC, and Samuel Richard Clawson, Jr., all of Charleston, all for Appellant.

Charles R. Norris, of Whelan Mellen & Norris, LLC, of Charleston, for Respondent.

---

**PER CURIAM:** Jill Amoruso appeals a circuit court order granting USAA's motion for summary judgment and a circuit court order denying her motion to reconsider the order granting summary judgment. On appeal, she argues (1) the

circuit court erred when it ruled USAA was not required to offer underinsured motorist (UIM) coverage on her camper and horse trailer, (2) her automobile insurance policy should be reformed to include UIM coverage on her camper and horse trailer, and (3) she should recover stacked UIM coverage on her camper and horse trailer in addition to the UIM coverage she had already recovered from the other vehicles insured under her policy.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err when it found Amoruso's camper and horse trailer did not qualify as "motor vehicles" under section 38-77-30(9) of the South Carolina Code (Supp. 2024).  *See S.C. Pub. Int. Found. v. Calhoun Cnty. Council*, 432 S.C. 492, 495, 854 S.E.2d 836, 837 (2021) ("When the parties file cross-motions for summary judgment, the issue becomes a question of law for [appellate courts] to decide de novo."); *id.* ("Additionally, the interpretation of a statute is a question of law for [appellate courts] to review de novo.").  Section 38-77-30(9) defines a motor vehicle as "every self-propelled vehicle which is designed for use upon a highway including trailers and semitrailers designed for use with these vehicles."  The parties agreed the horse trailer and camper were not self-propelled vehicles and were designed to be used with self-propelled vehicles.  Because section 38-77-30(9) specifies trailers must be "designed for use with these vehicles," this language indicates trailers, which are not self-propelled, only become a motor vehicle when attached to a self-propelled vehicle which is designed for use upon a highway.  *See* § 38-77-30(9) ("'Motor vehicle' means every self-propelled vehicle which is designed for use upon a highway, including trailers and semitrailers designed for use with these vehicles . . . ."); *Miller v. Aiken*, 364 S.C. 303, 307, 613 S.E.2d 364, 366 (2005) ("However plain the ordinary meaning of the words . . . in a statute . . . , the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intention."); *id.* ("If possible, the court will construe the statute so as to escape the absurdity and carry the intention into effect.").  In addition, Amoruso's interpretation would also lead to an absurd result of categorizing vehicles that are otherwise stationary and designed to be used with self-propelled vehicles as motor vehicles.  *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 314 S.C. 140, 143, 442 S.E.2d 179, 181 (1994) ("[T]he meaning of 'motor vehicle' for insurance purposes should be considered in its ordinary and popular sense rather than in a generic sense.").  Because the horse trailer and camper do not constitute motor vehicles under the statute, USAA was not required to make an offer of UIM coverage on these vehicles.  *See* S.C. Code Ann. § 38-77-140(A) (2015) ("An automobile insurance policy may not be issued or delivered in this State to the owner of a motor vehicle or may not be issued or

delivered by an insurer licensed in this State upon a motor vehicle then principally garaged or principally used in this State unless it contains a provision insuring the persons defined as insured against loss from the liability imposed by the law for damages arising out of the ownership, maintenance, or use of these motor vehicles within the United States . . . ."); S.C. Code Ann. § 38-77-160 (2015) ("Automobile insurance carriers shall offer, at the option of the insured . . . [UIM] coverage up to the limits of the insured['s] liability coverage . . .").[1]

**AFFIRMED.**[2]

**KONDUROS, HEWITT, and CURTIS, JJ., concur.**

---

[1] Because the circuit court correctly found USAA was not required to provide a meaningful offer of UIM coverage on Amoruso's camper and trailer, we need not consider whether Amoruso's automobile insurance policy should be reformed and whether Amoruso should recover stacked UIM coverage on all of her vehicles. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.